### HINK v. HINK.

No. 18917.    Opinion Filed June 5, 1928.

(Syllabus.)

**1. Divorce—"Extreme Cruelty"—Physical Violence not Necessary.**

Physical violence is not a necessary element of extreme cruelty, as defined by the statutes as ground for divorce, but that cruelty which is contemplated is that conduct which renders cohabitation intolerable, which destroys the concord, the harmony and affection of the parties and utterly destroys the legitimate objects and aims of matrimony or unjustifiably wounds the mental feelings or so destroys the peace of mind as seriously to impair the health or endanger the life of the other.

**2. Divorce — Appeal — Judgment Clearly Against Weight of Evidence.**

In a divorce action, the Supreme Court will weigh the evidence, and if the judgment of the trial court is clearly against the weight thereof, will render, or cause to be rendered, such judgment as said court should have rendered.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action for divorce by Burton W. Hink against Margaret A. Hink. From a judgment denying the plaintiff a divorce and decreeing the defendant an interest in the plaintiff's property, plaintiff appeals. Judgment as to the divorce reversed and rendered, and as to the division of the property modified and affirmed.

Woodard & Westhafer, for plaintiff in error.

O. H. Searcy and Geo. W. Reed. Jr., for defendant in error.

MASON, V. C. J. The parties hereto occupy the same position as in the trial court, and will be referred to herein as they there appeared.

This is an appeal from a judgment denying the plaintiff a divorce, but decreeing the defendant a portion of the plaintiff's property.

The plaintiff was married to the defendant, Margaret A. Hink, on the 3rd day of November, 1917, at which time both were approximately 19 years of age. No children have been born of said union. The plaintiff's action was based on the ground of extreme cruelty and, although there was some evidence that the defendant had struck the plaintiff in public on different occasions, yet most of the evidence adduced by the plaintiff tended to establish cruelty by neglect, indifference, and conduct such as would wound the mental feelings and destroy the legitimate objects of the marriage.

The defendant filed answer, denying the allegations of the plaintiff's petition, and subsequently filed an amended answer, alleging adultery on the part of the plaintiff, which, however, was committed subsequent to the filing of said action.

For reversal, it is first insisted that the trial court erred in refusing to grant the plaintiff a divorce, it being contended that the evidence of the plaintiff was sufficient to establish extreme cruelty. The evidence of the plaintiff as to physical violence, in our opinion, was not sufficient to warrant the granting of a divorce to the plaintiff, but cruelty which is contemplated by the law as being ground for divorce is the cruelty which renders cohabitation intolerable and which destroys the concord, the harmony, and affection of the parties and renders unsafe the actual existence of the marital relations. Beach v. Beach, 4 Okla. 359, 46 Pac. 514.

In Hildebrand v. Hildebrand, 41 Okla. 306, 137 Pac. 711, this court, in the body of the opinion, said:

"The law at one time required proof of physical violence where extreme cruelty was relied upon as a ground for divorce; but the later and better considered cases have repudiated this doctrine, as taking too low and sensual a view of the marriage relation, and it is now very generally held that any unjustifiable conduct on the part of either spouse which so grievously wounds the mental feelings of the other, or so utterly destroys the peace of mind of the other, as to seriously impair the bodily health or endanger the life of the other, or such as utterly destroys the legitimate ends * * * of matrimony, constitutes extreme cruelty," within the meaning of "the statutes, although no physical or personal violence be inflicted or even threatened."

See, also, Robertson v. Robertson, 73 Okla. 299, 176 Pac. 387; Finnell v. Finnell, 113 Okla. 164, 240 Pac. 62.

The evidence in this case is voluminous, and we are of the opinion that no substantial good can possibly result from setting out the details of the unpleasant and unfortunate circumstances related by the witnesses, but we find from the evidence that the conduct of the defendant was such as to entitle the plaintiff to a decree of divorce under the rules above announced. The trial court, in our opinion, was unduly influenced by evidence relative to the plaintiff's conduct subsequent to the filing of his petition. The rule seems to be well established that acts occurring after suit for divorce is brought cannot be made grounds for divorce, although it is well settled that the court may look at the conduct of the husband toward his wife since the commencement of the action to ascertain the weight and color of the acts alleged and proved. Bishop on Marriage, Divorce and Separation, vol. 1, sec. 1451.

In the instant case, however, the defendant testified that, in her opinion, no such acts had been committed by the plaintiff prior to the filing of said action and that she had never heard of such acts. Therefore, such evidence was of very little, if any, assistance in weighing other evidence.

The rule is well established that in a divorce action the Supreme Court will weigh the evidence, and if the judgment of the trial court is clearly against the weight thereof, will render or cause to be rendered such judgment as the court should have rendered.

From an examination of the record in this case, we are of the opinion that the trial court erred in denying plaintiff a divorce, and it is, therefore, the judgment of this court that the divorce prayed for should be and the same is granted.

It is next insisted that the division of the property as decreed by the trial court was unjust.

The record discloses that the plaintiff was the owner of 39 shares of stock in the Standard Oil Company of Indiana, of the par value of $25, and that he also owned

seven additional shares of stock in the same company purchased under contract, but not subject to transfer; that the household goods and furniture located in the home occupied by the plaintiff and defendant at the time of the separation were reasonably worth from $600 to $1,000; that the plaintiff received a salary from said company of $3,600 per year. The record also discloses that the plaintiff was the owner of certain policies of life insurance.

Under the judgment of the trial court, the defendant received 23 shares of the matured and paid-up stock of the Standard Oil Company, all of the household goods and furniture, and judgment for a sum of money equal to one-half of plaintiff's salary for a period of twelve months, or the sum of $1,800, the same to be payable at the rate of $150 per month for 12 months. The judgment also required the plaintiff to transfer to the defendant one-half of said insurance.

We have carefully examined the entire record in this case, and, in our opinion, the judgment of the trial court as to the division of the property is amply supported by the evidence and is just and equitable, except that portion of the judgment which requires the plaintiff to assign one-half of his insurance to the defendant. This portion of the decree would probably result in said insurance being permitted to lapse because of the nonpayment of premiums, and as a result neither party would benefit thereby. This insurance has, no doubt, been in force for some time and we do not feel that the judgment of this court should deprive the parties of its benefit.

The judgment of the trial court in denying the plaintiff a divorce is reversed, and it is the judgment of this court that the divorce, as prayed for by the plaintiff, be granted, and the judgment of the trial court as to the division of the property is modified so as to eliminate that portion which requires the plaintiff to assign the defendant a one-half interest in said insurance, and, as modified, that portion of the judgment is affirmed.

PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 19 C. J. p. 48, §86; p. 49, §88; 9 R. C. L. p. 340. (2) 19 C. J. p. 196, §482; 9 R. C. L. p. 470; 2 R. C. L. Supp. p. 808.