## COLLINS v. COLLINS.

No. 27336. Feb. 15, 1938.

Rehearing Denied March 15, 1938.

Earl Foster and R. K. Robertson, for plaintiff in error.

John Adams, H. F. Aby, and Hagan & Gavin, for defendant in error.

WELCH, J. The judgment of the trial court granted plaintiff a divorce and custody of minor child, and required the defendant, her husband, to pay alimony in the sum of $16,000, payable $2,000 per year, and $4,000 attorney's fee, and $75 per month for support of the child.

On this appeal defendant contends that the judgment in its various particulars was against the clear weight of the evidence and contrary to the evidence.

The parties had married after an acquaintance of some five months, the plaintiff being then 32 years of age and the defendant 62 years of age. Both parties had been married before, plaintiff having one child, and the defendant two grown children by the former marriages. This marriage between plaintiff and defendant continued in existence for about four months. During practically all of that time the parties were in difficulties relative to their relations and associations with each other. The principal part of the evidence was by testimony of the plaintiff and defendant, with few corroborative circumstances by other witnesses. The evidence is conflicting as to the essential facts. Each party by

pleading and evidence charges the other with conduct sufficient to constitute extreme cruelty as defined by this court in Stocker v. Stocker, 173 Okla. 64, 47 P.2d 107; Finnell v. Finnell, 113 Okla. 164, 240 P. 62; Hink v. Hink, 131 Okla. 164, 268 P. 282, and Horner v. Horner. 166 Okla. 103, 26 P.2d 929. We deem it neither necessary nor proper to further note the details of the testimony concerning the difficulties and intimate relations of the parties. The child of this marriage was born about six months after the separation of the parties and while this action was pending.

The trial court, after seeing the witnesses and hearing their testimony, found the issues of fact in favor of plaintiff. We conclude that such finding as to divorce and child custody is not against the clear weight of the evidence, and the conclusion that plaintiff was entitled to a divorce and the custody of the child of this marriage is affirmed.

Defendant urges error of the trial court in sustaining plaintiff's objection to certain testimony offered by the defendant, and also urges that the judgment is contrary to the evidence and is not supported by the evidence. and that the allowances to plaintiff of alimony, and for attorney's fee. and child support were exorbitant and excessive.

The defendant offered the testimony of his former wife that his relations and conduct with her were normal during a former marriage, and the testimony of the plaintiff's former husband that plaintiff's relations and conduct with him during a former marriage were abnormal, and the testimony of other witnesses concerning defendant's conduct during a former marriage. The testimony of these witnesses concerning the conduct of the litigants during their former marriages does not appear to be of material value in determining the issues in this case, and we will not disturb the ruling of the trial court excluding the same.

As to the alimony awarded. we have considered all matters presented and proper for consideration in passing on the correctness and reasonableness of an alimony award, having due regard for the rules referred to in Tobin v. Tobin. 89 Okla. 12, 213 P. 884; Dresser v. Dresser. 164 Okla. 94, 22 P.2d 1012; Wheeler v. Wheeler. 167 Okla. 598, 32 P.2d 305. and Whitehorn v. Whitehorn, 169 Okla. 332. 36 P.2d 943. and other cases heretofore decided. The plaintiff in this case had practically no property. The value of defendant's property was not determined by specific finding of fact by the trial court and is not clearly established by the evidence, the testimony being in conflict. The testimony and evidence as analyzed by the defendant would justify the conclusion that his net worth was less than the amount awarded plaintiff, while the evidence as analyzed and relied upon by the plaintiff would justify the conclusion that the defendant is worth several times the amount awarded. The defendant is president and principal owner of a company manufacturing glass products, and while under defendant's management it is a going concern and earns and pays small dividends, the testimony is in sharp conflict as to its market value. The defendant also owns some other property and real estate, but it is shown rather clearly that the defendant has liabilities of more than one hundred thousand dollars.

From the above-cited cases it seems clear by our former decisions that in passing upon the reasonableness of alimony awards this court may properly consider whether the property is the separate property of the husband or a joint accumulation of the parties; the duration of the marriage life; whether the marriage be a marriage of affection. or whether circumstances point to a marriage wholly or partly of convenience. and whether the wife was somewhat at fault, and in whole or in part provoked the treatment complained of as constituting grounds of divorce. These things to be considered in addition to the respective worth of the parties and the character and value of the property owned. From a consideration of these rules of our former decisions as applied to the facts in this case, we conclude that the alimony awarded plaintiff is unreasonable and excessive. It is not necessary that we undertake to find or fix the exact value of defendant's property, as our conclusion here is not based primarily on the value of defendant's estate. It is our view from the record that defendant would be able to pay or could arrange to pay the amount ordered by the trial court, but we have concluded from all of the facts and circumstances in the case that the award should never have been granted in excess of the sum of $8,000, and that the award of $16,000 was excessive. It being our duty in this case to render the judgment which should have been rendered, or to determine the amount thereof and direct the trial court to render it, we reduce the alimony award to $8,000, and direct that judgment therefor be entered in the trial court, payable $1,000 in ten days

after judgment, and $1,000 each six months thereafter until $8,000 is paid.

As to the allowance for attorney's fee in the aggregate sum of $4,000, we must agree with defendant's contention that the same is excessive. The defendant urges the applicability of the rule as applied in Whitehorn v. Whitehorn, supra, wherein this court raised the attorney's fee allowance to $1,100, and Stumpf v. Stumpf, 173 Okla. 1, 46 P.2d 315, wherein this court reduced the attorney's fee allowance to $1,500. Without disregarding the persuasive force of those and other cases wherein we have considered the same question, we have concluded that the legal services here involved justify the allowance to plaintiff of $2,000 as attorney's fee, and no more. The trial court's judgment in that regard is therefore excessive in the sum of $2,000.

As to the allowance for child support of $75 per month until further order of the court, we find the amount excessive. From a full consideration of the record and presentation upon the point, we find that this allowance should have been in the sum of $37.50 per month. Such an allowance, of course, is subject to future adjustment in the trial court upon proper showing of changes in circumstances and necessities which would require and justify such future adjustment by change in amount.

The judgment of the trial court, in so far as it grants plaintiff a divorce and custody of the minor child of the parties, is affirmed. The remainder of the judgment, however, is modified to allow alimony in the sum of $8,000, and attorney's fee in the sum of $2,000, already paid and to allow plaintiff $37.50 per month for the present reasonable support of the child of the parties.

RILEY, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., dissents. BAYLESS, V. C. J., absent.