## HASSELL v. HASSELL.

No. 28641.    May 23, 1939.

Harry C. Hicks, for plaintiff in error.

Ryan Kerr, for defendant in error.

WELCH, V. C. J. The trial court rendered judgment in this case granting plaintiff a divorce, custody of minor child, return of her separate property, and the sum of $10 per month as support of her minor child.

On this appeal defendant contends that his demurrer to the evidence should have been sustained by the trial court, and that plaintiff's evidence is not sufficient to support the judgment. Defendant introduced no evidence.

The plaintiff's evidence shows that the defendant struck the plaintiff several painful blows, knocked plaintiff down, and that on one occasion defendant threw and struck plaintiff with a knife. The evidence clearly infers that it is impossible for the parties to re-establish a home and live together.

In the case of Bussey v. Bussey, 148 Okla. 10, 296 P. 401, this court said:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

The only question before this court is whether plaintiff's evidence is sufficient to sustain her allegations of "extreme cruelty" as defined in subdivision (6), section 665, O. S. 1931.

We have examined the record in this case carefully. The undisputed evidence disclosed that the defendant's treatment of plaintiff in their relation as husband and wife, as disclosed by testimony of plaintiff, was sufficient to render cohabitation intolerable and to destroy the concord, the harmony, and affection of the parties and render unsafe the continued existence of the marital relations. Hink v. Hink, 131 Okla. 164, 268 P. 282.

In the case of Finnell v. Finnell, 113 Okla. 164, 240 P. 62, this court said:

"Extreme cruelty does not mean that the defendant should strike or maim the plaintiff, but any conduct on the part of the defendant that would destroy the happiness and health of the plaintiff and defeat the very purpose of matrimony, would be extreme cruelty. * * *"

See, also, Collins v. Collins, 182 Okla. 246, 77 P.2d 74.

The rule is thoroughly established that in such cases the judgment of the trial court will not be disturbed unless found to be against the clear weight of the evidence. The application of that rule requires that the conclusion of the trial court be sustained.

The judgment is therefore affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.