BELL v. BELL.

No. 31881. Nov. 20, 1945.

*163 P. 2d 548.*

Counts & Jones, of Hartshorne and McAlester, and J. Cal Counts, of Oklahoma City, for plaintiff in error.

Mike Foster, of Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought by Mavis Bell against Leighton Bell for divorce. Plaintiff in her petition relies on the ground of extreme cruelty.

Defendant denied such allegation and by way of cross-petition sought to obtain a divorce on the ground of extreme cruelty and adultery. He further alleged that during the marriage there was born a child, a son, who was then three years of age, and alleged that plaintiff is an unfit person to have the care and custody of such child and that the custody thereof should be awarded to him. It is further alleged that during the marriage certain property was acquired and that such property should be equitably divided between the parties.

The trial court found the issues in favor of plaintiff; found that the evidence sustained her allegation of extreme cruelty; that the evidence offered by defendant was insufficient to sustain the charge of adultery; held plaintiff a fit and proper person to have the custody of the minor child and awarded the same to her. He also found that during the marriage relation the parties accumulated certain household furniture of an undisclosed value, one war bond of the denomination of $100, one in the denomination of $25, and awarded to the plaintiff the household furniture, the $100 bond and awarded to the defendant the $25 bond, and further ordered the defendant to pay $30 per month, payable on the first day of each and every month, for the support of the minor child until it arrived at the age of 21 years or until further order of the court, and further ordered that a credit of $25 be allowed defendant on the payment of the first installment by reason of having awarded to plaintiff the $100 bond.

The defendant has appealed and asserts that the finding and judgment of the court in all respects is clearly against the weight of the evidence.

It is contended that the evidence is wholly insufficient to support the finding of the court that he has been guilty of extreme cruelty towards the plaintiff. The evidence in this respect discloses that he slapped her on several occasions; that he threatened her with violence at different times; that he accused her of infidelity, and had stated to others that she was guilty of immoral conduct with another man. He accused her mother of being a person of ill repute. On different occasions he requested plaintiff to obtain a divorce from him.

It is not essential, in order to sustain an allegation of extreme cruelty, that there be disclosed acts of great physical violence. The evidence is sufficient in this respect where it discloses such conduct or treatment which destroys the concord, harmony, happiness, and affection of the parties and tends to make the marriage relations intolerable. Hassell v. Hassell, 185 Okla. 154, 90 P. 2d 885; Collins v. Collins, 182 Okla. 246, 77 P. 2d 74.

The evidence above detailed in its main aspect is not seriously challenged by defendant. It is sufficient to sustain the finding of the trial court that the defendant has been guilty of extreme cruelty.

It is further contended that the evidence clearly established that the plaintiff has been guilty of adultery and that she is an improper person to have the care, custody, and control of the child, and that the trial court should have granted the divorce to him on his cross-petition and awarded him the custody of the child. The evidence on these issues is conflicting. The trial court,

however, held the same insufficient to establish the charge of adultery, and also held plaintiff a fit and proper person to have the care and custody of the child. We cannot say that the finding of the trial court is clearly against the weight of the evidence.

The trial court further concluded that the best interest of the child required that it remain, at least temporarily, in the custody and control of the mother.

It has been repeatedly held that in awarding the custody of a minor child the court is to be guided by what appears to be for the best interest of the child with respect to its temporal, its mental, and its moral welfare. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056; Bush v. Bush, 185 Okla. 443, 92 P. 2d 363; Freeman v. Freeman, 190 Okla. 74, 120 P. 627.

The evidence discloses that at the time of the trial the child was three years of age. In case of separation of the parents, the custody, control, and care of a child of tender years should, under ordinary circumstances, be given to the mother, as she is usually in a better position to care for and rear such child than is the father. Our statute (30 O. S. 1941 § 11) in substance provides that in cases of this character neither parent is entitled to the custody of a minor child as a matter of right, but other things being equal, if the child is of tender years, it should be given to the mother, if it be of an age to require education and preparation for labor or business, then to the father. See Holdeman v. Holdeman, 191 Okla. 309, 129 P. 2d 585; Wallace v. Wallace, 145 Okla. 303, 292 P. 1111. It is also urged that the judgment as to the property settlement is unfair and inequitable. We fail to discover any abuse of discretion vested in the trial court in this respect.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.