WEATHERSPOON v. WEATHERSPOON.

No. 32614. Nov. 25, 1947.

Rehearing Denied Jan. 6, 1948.

*188 P. 2d 225.*

Geo. T. Arnett, of Idabel, for plaintiff in error.

Tom Finney, of Idabel, for defendant in error.

DAVISON, V.C.J. This is an action brought by Nellie Weatherspoon, as plaintiff, against Sidney J. Weatherspoon, as defendant, for a divorce on the grounds of extreme cruelty and gross neglect of duty, and for a division of property. The parties will be referred to as they appeared in the trial court.

The parties in this action had been married some 21 years of which union there were born two children, a son and daughter, 20 and 17 years of age, respectively, at the time the petition was filed. They had had somewhat of a stormy married life, punctuated with numerous verbal and physical clashes. By July, 1945, the home atmosphere was such that the son lived elsewhere, refusing to live with them. In that month, because of his daughter's announced intention of marrying, the defendant became enraged and a night of uncontrolled temper display followed. He ordered his daughter to abandon the home forever if she did marry.

The result of the ensuing quarrel between the parents was that they thereafter lived in separate parts of the home until September when this suit was filed. During their married life they had acquired a very modest home and furnishings: a logging truck and other equipment used by the defendant in his business of hauling logs; a team of mules and wagon; and several hundred dollars in a bank account. The defendant's earnings from his business, compensation for an industrial injury, bonus from the armed services and all earnings of the plaintiff as a seamstress, were used for living expenses and the acquisition of the above property. At the time of the trial the defendant was drawing some $30 per month from the Federal Government.

The trial court granted plaintiff a divorce, title to the house and furnishings, and about half the money. The balance was awarded defendant, subject to outstanding indebtedness. No award of alimony was otherwise made. From such judgment, the defendant has appealed, raising the question of the sufficiency of the evidence and the equity of the property division.

During recent years this court, in harmony with the trend in other jurisdictions, has somewhat broadened the definition of "extreme cruelty" as the term is used in the divorce statutes. We have carefully examined the entire record and the facts disclosed are clearly within the rule stated in Bell v. Bell, 196 Okla. 130, 163 P. 2d 548:

"It is not essential in order to sustain an allegation of extreme cruelty that there be disclosed acts of great physical violence. The evidence is sufficient in this respect where it discloses such conduct or treatment which destroys the concord, harmony, happiness, and affection of the parties and tends to make the marriage relations intolerable. Hassell v. Hassell, 185 Okla. 154, 90 P.2d 885; Collins v. Collins, 182 Okla. 246, 77 P. 2d 74."

As to the division of property, no hard and fast rule can be laid down. When a divorce is granted, it is generally a lifting of the responsibilities, financial and otherwise, which each party theretofore has borne. No longer must the husband support his spouse. No longer need the wife devote her time to home duties and thus limit her individual earning capacity. The trial court balances the scales of equity by the distribution of property and allowance of alimony. The only restriction placed upon that authority is that sound judicial discretion be used. Where there is no abuse of such discretion, the judgment will not be disturbed by this court.

"There is no rule of law requiring any specified fractional part of so-called joint accumulations, or of the husband's separate property, to be set apart or allowed to the wife, or payments of money, in gross or installments, to the wife, upon divorce awarded her for the husband's fault, as each case depends upon its own facts and circumstances," McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103.

A divorce action, being one of equitable cognizance, is in that class wherein the judgment of the trial court will not be reversed on appeal unless it is against the clear weight of the evidence. The record herein discloses a state of facts substantially supporting t h a t court's action.

The judgment is affirmed.

Rehearing Denied Jan. 6, 1948.