## WARE v. HUFFMAN–WOLFE CO. et al.
### Civ. No. 619.

United States District Court
N. D. Alabama, Jasper Division.
Oct. 19, 1950.

T. K. Selman, and Thomas Leon Beaird, Jasper, Ala., for plaintiff.

Lange, Simpson, Robinson & Somerville, and Reid B. Barnes, all of Birmingham, Ala., and Knox, Jones, Woolfe & Merrill, and Ralph D. Porch, all of Anniston, Ala., for defendants.

LYNNE, District Judge.

This cause, coming on to be heard, was submitted upon the respective motions to dismiss filed in behalf of the individual defendant, James M. Holliday, and of the corporate defendant, Huffman-Wolfe Company, the stipulation of counsel that the facts set forth in each motion [1] be taken as true for the purpose of testing the legal sufficiency of such motions, and the briefs of counsel for the respective parties.

The motion of the individual defendant is without merit and is due to be denied.

Simply stated, the remaining issue is whether the corporate defendant, who removed the action to this court, is entitled to an order of dismissal herein because the venue of the action against it was improperly laid in the State court.

It is conceded that the State court had jurisdiction of the subject matter. Jurisdiction of the person of the corporate defendant was obtained by service of process

---

1. The motion of the corporate defendant reads:

"Comes the defendant, Huffman-Wolfe Company, a corporation, and moves this Court to dismiss this action, which was removed by the defendants in this cause to this Court from the Circuit Court of Walker County, Alabama, and as grounds for this motion alleges separately and severally as follows:

"1. This defendant was at the time of the filing of the suit in said Circuit Court, and is now, a corporation duly organized under the laws of the State of Georgia, with its principal office in the City of Atlanta in said State; that prior to and at the time said suit was filed, this defendant was, and is now, duly qualified to do business within the State of Alabama under the laws of this State; that at the time this suit was filed and at the time of the service of process upon this defendant, this defendant had an authorized agent residing in Montgomery, Alabama, upon whom service of process could be had, to-wit: Evans Hinson, at 18½ South Perry Street, in said City of Montgomery; that at the time this suit was filed and service of process had, and at all times intervening, this defendant was not doing business by agent in Walker County, Alabama. Wherefore, this defendant says that there is improper venue in this action."

274

of the State court, against which no attack has been made.

The corporate defendant appeared specially, both in the State court and here, for the purpose of objecting to the venue of the action against it in the State court.

 It is well established that a Federal district court does not acquire jurisdiction of a removed action unless the State court had jurisdiction thereof, and also that the filing of a petition for removal does not constitute a general appearance. The reported cases, in which the problem now before this court was considered, abound with loose language, using the terms "jurisdiction" and "venue" interchangeably. A distinction exists between the two terms which amounts to a real difference.

There was an action at law pending in the State court to which the corporate defendant was made a party by an effective service of process on it. It made a timely objection to the venue of the action and, in my opinion, might have prevailed.[2] It elected, however, to remove the case.

This court's jurisdiction was derived from that of the State court which existed as to subject matter and person at the time of the removal. Its exercise could not be affected by defects in venue existing only while the action reposed in the State court.

 While there are statements in some opinions to the effect that removal waives venue,[3] this court prefers to hold simply that, assuming its jurisdiction over the subject matter and the person of the removing party, it is not concerned with the impact of general venue statutes of the State on the power of that particular State court to have adjudicated the case had it not been removed.

An order will be entered in accordance with the foregoing opinion.

2. Alabama Constitution, Sec. 232; Title 7, Sec. 60, Code of Alabama 1940. St. Mary's Oil Engine Co. v. Jackson Ice Co., 1931, 224 Ala. 152, 138 So. 834.

3. e. g. Tennessee Valley Authority et al. v. Tennessee Electric Power Company, 6 Cir., 1937, 90 F.2d 885, 888, in which the following statement appears: "But while venue is waived by removal of a cause from a state into a federal court, want of

jurisdiction in the state court is not cured thereby, but may be asserted after removal is consummated. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Cain v. Commercial Publishing Co., 232 U.S. 124, 131, 34 S.Ct. 284, 58 L.Ed. 534; General Investment Co. v. Lake Shore & M. S. Ry. Co., supra, 260 U.S. 261, 288, 43 S.Ct. 106, 117, 67 L.Ed. 244."