Georgia HURT, Plaintiff In Error,

v.

Charles HURT, Defendant in Error.

No. 37618.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Arney & Barker, Clinton, for plaintiff in error.

Bryan Billings, Woodward, for defendant in error.

DAVISON, Justice.

This is an appeal from that part of a divorce decree awarding custody of a minor child, fixing the amount of support money payments for said minor child, failure to allow alimony and attorneys fee in a suit brought by Georgia Hurt, as plaintiff, against Charles Hurt, defendant. Defendant also asked for a divorce and custody of the minor child. Plaintiff and defendant will be referred to herein as they appeared in the trial court.

Plaintiff and defendant were married in 1947. They lived together as husband and wife until this divorce action was filed in 1955. Of the marriage one child was born, a son, Charles Claud Hurt, who was 8 years old at the time of trial.

At the time of their marriage and for several years thereafter, they made their home in Dewey County. Plaintiff's father helped the couple start farming operations. After a time the farming operation proved unsatisfactory and the parties moved to New Mexico where defendant obtained employment with a oil company and plaintiff obtained employment in a combination cafe, night club and bar. During plaintiff's working hours the minor child was cared for by neighbors. The domestic discord started when they moved to New Mexico and became more intense as the years passed.

The cause was tried on September 17, 1956 and the trial court found that both parties were fit and proper parties to have care and custody of the minor child; granted each party a divorce on the ground of incompatibility; awarded custody of the minor child, six months to plaintiff and six months to defendant alternately; ordered defendant to pay $60 per month for support of minor child while in the custody of plaintiff; decreed a property settlement between the parties; ordered each party to pay his or her own attorneys fee; and ordered defendant to pay court costs. This appeal was perfected by plaintiff from all that part of the judgment other than the granting of a divorce.

That part of the decree granting the divorce to each party is not appealed from and a discussion of the evidence as to the fault of either party is unnecessary in the determination of the issues involved herein.

The plaintiff attacks the decree on the following grounds; (1) That the trial court erred in allowing the minor child to be removed from school in the middle of the term and taken by defendant to some

oil boom town in the State of Wyoming or Montana. (2) The court committed error in not awarding to plaintiff sufficient support money. (3) The court committed error in not making an allowance to the plaintiff for alimony and attorneys fee.

■ The issue of the custody of the 8 year old child always presents a serious and perplexing question. A correct solution depends upon the peculiar facts and circumstances of the individual case. The general rule is that,

"In determining the custody of minor children in a divorce action the best interest of the children should be the court's paramount consideration." Dodson v. Dodson, Okl., 295 P.2d 1055.

■ This rule is to be administered with as much consideration for the tender ties of affection of the parents as possible under the circumstances, and especially when each parent is shown to be a fit and proper custodian of the child.

■ The rights of neither parent take precedence over the rights of the child. The welfare of the child is superior to the wishes and personal desires of either of them. In considering their qualifications and fitness, we must look to their adaptability to the task of caring for the child; their adaptability to control and direct it; the age, sex, and health of the child; its temporal and moral well-being, as well as the environment and circumstances of its proposed home; and the influences likely to be exerted upon the child.

The defendant was in the oil exploration business and was employed at a job commonly known as "rough necking." His business took him from place to place and many times from state to state. The record shows that in a period of a few months he had been employed in Colorado, Wyoming and Montana. The record also shows that the defendant cared a great deal for the child and would care for him properly. He testified that he would employ a competent housekeeper to care for the child.

■ It is generally recognized that the mother is the natural custodian of her child of tender years, and that if she is a fit and proper person other things being equal, she should be given custody in order that the child may receive the attention, care, supervision, and kindly advice, which arises from a mother's love and devotion, for which no substitute has ever been found.

It is shown by the record that the plaintiff was working; had made a proper home for the child with suitable arrangements for him to be taken care of when she was at work; kept him clean and well groomed; and, kept the child in regular school attendance. Numerous witnesses testified that plaintiff was a good, patient, unselfish and understanding mother.

Defendant contends that,

"In awarding custody of a minor child in a divorce action the best interest of the child should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court." Phillips v. Phillips, Okl., 267 P.2d 597.

■ The nature of the employment of the father which required him to move from place to place would necessarily cause the child to be transferred from school to school, would not be in the best interest of the child. We are of the opinion and hold that the judgment of the trial court relative to the custody of the child amount to an abuse of its discretion.

Plaintiff's second contention is that the trial court's award of $60 per month for child support is insufficient. Plaintiff's petition asked for $75 per month for child support. Considering the nature of defendant's employment, his earning capacity, the present age of the child and the cost of living at the child's present place of residence, we cannot say that the court was in error on this phase of the case, and we so hold.

It is plaintiff's final contention that the trial court should have required defendant to pay a reasonable amount for alimony and attorney fees.

**960**

In her petition, plaintiff asks that she be awarded all of the property and temporary attorney fees. In her amended petition she asked for alimony. The trial court awarded her a 1955 Pontiac car, a water tank, several ponies and all of the household goods and furniture. Defendant was awarded some used farm machinery. The above described items constituted all of the property owned by the parties. The trial court also ordered defendant to pay temporary attorney fees of $75 and suit money of $35 before the trial. Defendant paid the amounts ordered.

Plaintiff contends that the trial court abused its discretion in not awarding her alimony and further attorney fees. In the case of Weatherspoon v. Weatherspoon, 199 Okl. 543, 188 P.2d 225, we held that,

"In divorce action, trial court balances the scales of equity by distribution of property and allowance of alimony, only restriction being that sound judicial discretion be used, and, where there is not abuse of such discretion, judgment will not be disturbed."

After a careful review of the record we find no abuse of discretion in not allowing alimony or further attorney fees.

The judgment of the trial court is affirmed except with respect to the custody of the minor child. The decree of the trial court is hereby modified to the extent that the plaintiff have custody of the minor child from August 15th to June 15th of each year and defendant have custody the remaining two months, each to have reasonable visitation rights. It is ordered that during this period the defendant shall pay all costs of transportation in obtaining from and re-delivering said minor to plaintiff at her place of residence. Defendant is also directed to pay $60 per month support money during the time minor child is in the custody of plaintiff.

The details of this judgment to be entered in the trial court record and there to be enforced as though the same was there rendered.

WELCH, C. J., CORN, V. C. J., and HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.