Hazel F. HONEYWELL, Plaintiff In Error,

v.

William J. HONEYWELL, Defendant in Error.

No. 38481.

Supreme Court of Oklahoma.

Sept. 22, 1959.

David L. Field, Enid, and James M. Springer, Jr., Stillwater, for plaintiff in error.

Paul R. Haunstein and W. E. Crowe, Enid, for defendant in error.

WILLIAMS, Vice Chief Justice.

Plaintiff brought this action seeking a divorce from defendant on the grounds of incompatibility and extreme cruelty. Trial court awarded plaintiff a divorce on the ground of incompatibility without fault of plaintiff; and made a division of the estate, awarding plaintiff $24,120.29 and defendant $78,819.39, which included present value of property owned by defendant prior to the marriage in March, 1931. Trial court refused to award plaintiff alimony. Plaintiff appeals from this judgment on three assignments of error:

1. Error of the court in granting a divorce only on the grounds of incompatibility without granting her a divorce also on the grounds of extreme cruelty.

2. The court erred in its determination of the value of defendant's separate property on the date of their marriage, March 4, 1931, a period during the "rock bottom" of the depression, and in division of property.

3. The court abused its discretion in failing to grant the plaintiff alimony.

■■ Plaintiff, to prove extreme cruelty on the part of defendant, introduced testimony of witnesses tending to show defendant's familiarity with the wife of one of the hired farm laborers whose family lived on the land of the parties about a mile from the home of parties. Defendant countered this evidence with his own denial of any improper relations, and such denial by the woman in question, and character witnesses. There being contradictory evidence, there inheres in the trial court's judgment a determination that the allegation of extreme cruelty was not proven. An examination of the record does not show such judgment to be against the weight of the evidence.

As to plaintiff's second assignment of error, prior to this marriage, defendant had acquired a farm, a herd of registered cattle, several teams of horses and mules, and other farming equipment. In making a division of the property the trial judge took the present appraised value of the parties'

property, agreed upon by both parties and deducted the value of the separate property owned by the defendant as of the date of the marriage. The only evidence as to the value of defendant's separate property as of that date was defendant's own testimony. Defendant testified that on the date of their marriage he owned 102 head of registered cattle for which he paid $250 to $275 a head; six teams of horses worth $200 to $300 a pair; six teams of mules worth $300 to $400 a pair; that certain debts and obligations owed by him were either paid prior to their marriage or paid from proceeds from the sale of his personal property. Plaintiff offered no evidence to rebut defendant's valuation of such property nor to show that the debts in question were paid through the joint efforts of the parties.

■ The trial court, in making a division of the property, deducted from the appraised value the 1958 taxes; the difference in the amounts inherited by each of the parties during the marriage, the net value of defendant's separate property, and two-thirds of the home place (which was the defendant's separate property). The balance, after such deductions, was an approximation of the joint accumulations of the parties during their marriage. This balance was divided equally between the plaintiff and defendant. Under the facts and circumstances of this case we find no abuse of discretion by the trial court in making this division of parties' property.

In Weatherspoon v. Weatherspoon, 199 Okl. 543, 188 P.2d 225, 226, we said:

"As to the division of property, no hard and fast rule can be laid down. When a divorce is granted, it is generally a lifting of the responsibilities, financial and otherwise, which each party theretofore has borne. No longer must the husband support his spouse. No longer need the wife devote her time to home duties and thus limit her individual earning capacity. The trial court balances the scales of equity by the distribution of property and allowance of alimony. The only restriction placed upon that authority is that sound judicial discretion be used. Where there is no abuse of such discretion, the judgment will not be disturbed by this court.

"There is no rule of law requiring any specified fractional part of so-called joint accumulations, or of the husband's separate property, to be set apart or allowed to the wife, or payments of money, in gross or installments, to the wife, upon divorce awarded her for the husband's fault, as each case depends upon its own facts and circumstances." McCarty v. McCarty, 193 Okl. 18, 141 P.2d 103, 104.

■ Plaintiff's third assignment of error refers to the refusal of the trial court to grant plaintiff alimony. By statute, 12 O.S.1951 § 1278 the granting of alimony is within the discretion of the trial court. In Nelson v. Nelson, 175 Okl. 275, 52 P.2d 786, 787, we held that:

"Where a divorce is granted the wife because of the fault of the husband, the court in its discretion should make an equitable distribution of jointly acquired property, and may also, in its discretion, allow the wife alimony out of the property of the husband."

■■ We find no abuse of discretion in the trial court's refusal to award plaintiff alimony.

■ This being an action of equitable cognizance, the judgment of the trial court will not be set aside unless clearly against the weight of the evidence. Weaver v. Drake, 79 Okl. 277, 193 P. 45.

Judgment affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., dissents.