**TRANSURE, INC., a California corporation; Transure, Ltd., a British corporation, Plaintiffs-Appellants,**

v.

**MARSH AND McLENNAN, INC., a corporation, et al., Defendants-Appellees.**

No. 84–2144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1985.

Decided July 22, 1985.

John I. Alioto, Gary D. Elion, Alioto & Alioto, San Francisco, Cal., for plaintiffs-appellants.

Walter R. Allan, Gary H. Anderson, Donald J. Putterman, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendants-appellees.

Before SCHROEDER, NELSON, and REINHARDT, Circuit Judges.

SCHROEDER, Circuit Judge.

Transure, Inc., a California corporation, and Transure, Ltd., a British corporation, (collectively referred to as "Transure") originally filed this action in the California Superior Court, Marin County. The defendants are Marsh and McLennan, Inc. (Marsh, Inc.), Marsh and McLennan Companies, Inc. (Companies), both Delaware corporations, and Crusader Insurance Company, Ltd. (Crusader), a South African Corporation.

The defendants removed the action to the federal district court. Transure subsequently moved to remand the action to the state court on the ground that the presence of alien corporations on both sides of the controversy defeated diversity jurisdiction. The district court denied the motion.

After several months of discovery regarding personal jurisdiction, all the defendants moved to dismiss. Crusader and Companies argued that the court lacked in personam jurisdiction over them because they lacked contacts with California. Marsh, Inc. acknowledged that it did business in California but argued that venue in the state court was improper and required dismissal of the action. The district court granted all of these motions. On appeal, Transure challenges each of these rulings. We hold that dismissal was proper as to Crusader and Companies but not as to Marsh, Inc.

### Diversity Jurisdiction

The principal legal issue affecting subject matter jurisdiction as to all parties is whether diversity jurisdiction is defeated by the presence of alien corporations on both sides of the controversy. Transure asserts that complete diversity is negated by the presence of the two alien corporations, and, therefore, the district court should have remanded the matter to the state court.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States...." Further, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy ... is between ... *citizens of different states and in which citizens or subjects of a foreign state are additional parties* ...." 28 U.S.C. § 1332(a)(3) (emphasis added).

The presence of an alien corporation on one side as an additional party does not defeat diversity jurisdiction, for the statute contemplates it. This Circuit has not considered whether jurisdiction is affected when aliens are on both sides. All of the authorities that have considered that question agree that federal diversity jurisdiction is not defeated where (1) there is a legitimate controversy between diverse citizens and aliens are additional parties; and (2) there is complete diversity as to the citizens. *See Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 420 n. 6 (5th Cir.

1982) ("§ 1332(a)(3) may also have the effect of retaining federal jurisdiction when there is complete diversity between the United States citizens involved in an action but there are foreign subjects among the parties on both sides."); *K & H Business Consultants, Ltd. v. Cheltonian, Ltd.*, 567 F.Supp. 420, 422–24 (D.N.J.1983); *Samincorp., Inc. v. Southwire Co.*, 531 F.Supp. 1, 2–3 (N.D.Ga.1980); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1071 (S.D.N.Y.1971).

> [T]he language of section 1332(a)(3) is broad enough to allow aliens to be additional parties on both sides of the dispute. Under this interpretation, jurisdiction would exist if a New Yorker, and a Canadian, sued a Californian, and a German, assuming, of course, that there was a legitimate dispute between the two Americans.

13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3604 at 390. Neither party argues that the dispute between Transure, Inc. on the one hand and Companies and Marsh, Inc. on the other is not legitimate. We affirm the district court's holding that the presence of alien corporations on both sides of the controversy did not defeat its jurisdiction. Transure is not entitled to a remand to state court.[1]

### *Personal Jurisdiction*

The district court dismissed the action as to Companies and Crusader on the ground that it lacked in personam jurisdiction over these non-resident corporations. We affirm the district court's dismissal as to these parties.

■ Transure first argues that the district court can exercise general jurisdiction over Companies, a Delaware corporation which does not do business in California, because it is the parent of Marsh, Inc., a Delaware Corporation which does business in California.

The existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over Companies. *See Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925); *see also Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977) (per curiam). While Transure has pointed to various factors which indicate that Companies exercises some control over Marsh, Inc., "[t]he corporate separation, though perhaps merely formal, [is] real." *Canon Manufacturing*, 267 U.S. at 337, 45 S.Ct. at 251, 69 L.Ed. 634. Additionally, Companies' California contacts are insufficient to permit the district court's exercise of general in personam jurisdiction over Companies.

Transure's claims are principally contractual in nature and have little or nothing to do with California. Transure argues, however, that its claim for defamation in connection with a press release establishes a sufficient nexus to California to confer jurisdiction. The most that Transure is able to allege, however, is that one of the defendants, outside California, issued a defamatory press release to business and insurance publications. The party allegedly defamed was plaintiff Transure, Ltd., an English Corporation, which, according to this record, has little or no connection to California. Although the information in the press release was reported in publications distributed in California, neither defendant is a publisher, and neither has "continuously and deliberately exploited" the California market in any sense. *Contrast Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 1481, 79 L.Ed.2d 790 (1984). Neither Crusader nor Companies could reasonably have anticipated being haled into court in California as a result of any activities related to California. *See World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–298, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ Transure's allegation that Transure, Inc., a California corporation, was acting

---

**1.** Transure based its motion to remand to the state court in part on a forum selection clause contained in an agreement between Crusader and a party not part of this action. It reasserted this argument on appeal. We find no merit in its argument and affirm the district court's conclusion that Transure may not invoke the clause.

**1300**

"on behalf of" Crusader in California lacks any competent foundation in the record. We therefore agree with the district court's dismissal as to Companies and Crusader for lack of in personam jurisdiction.

*Venue*

We do not agree, however, with the district court's dismissal as to Marsh, Inc., a Delaware corporation which undisputably does business in California and is subject to the general jurisdiction of the California courts. The corporation's principal place of business in California is in Los Angeles County rather than in Marin. Marsh successfully maintained before the district court that, under California venue statutes, proper venue was in Los Angeles rather than Marin County and that the federal court therefore lacked jurisdiction. The conclusion of lack of jurisdiction is incorrect.

■ Jurisdiction in the federal court on removal is derivative of the jurisdiction of the state court where the case was pending. If the state court lacked jurisdiction, then the federal court on removal lacks jurisdiction as well. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939); *Lambert Run Coal Co. v. Baltimore and Ohio Railroad Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922).

We therefore must look to the California venue statute to determine whether proper venue is a jurisdictional requirement. Cal. Civ.Proc.Code § 395.5 sets forth the counties where a corporation may be sued.[2] Cal.Civ.Proc.Code § 396b provides that where the action is commenced in a county where venue is improper, "the action may, notwithstanding, be tried in the court where commenced, unless the defendant, ... within the time otherwise allowed to respond to the complaint" files a motion to transfer the case to a proper court.[3]

■ The venue requirement is, therefore, not jurisdictional because proper venue may be waived if not asserted in a timely manner. *See* 2 B. *Witkin, California Procedure* § 416, at 1248, 1297 (2d ed. 1970 & Supp.1983); *Newman v. County of Sonoma*, 56 Cal.2d 625, 15 Cal.Rptr. 914, 364 P.2d 850 (1961). Defendant Marsh, in this case, did not make a timely request in state court for transfer of the case to Los Angeles county. Indeed, it has never sought transfer to Los Angeles County. Instead, it requested removal to federal court, and there insisted that the venue requirement in state court was jurisdictional.[4] Dismissal was not proper.

The defendant relies on language in various district court decisions indicating that where·jurisdiction in the state court was

2. Cal.Civ.Proc.Code § 395.5 provides:
   A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or where the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.

3. Cal.Civ.Proc.Code § 396b(a) provides:
   (a) Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the

clerk, or with the judge if there is no clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, or a copy of such papers. Upon the hearing of *the* motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court.

4. Because of the rigid thirty-day requirement for filing a petition to request removal, 28 U.S.C. § 1446(b), a problem could arise in the event that the defendant requested both a change of venue and removal, and the case was removed before the venue transfer could be considered by the state court. We do need to decide the proper course which the district court should follow in such an event, for the defendant here is not seeking to have the case tried in federal court in Los Angeles. It is seeking outright dismissal for lack of federal jurisdiction.

defective because of improper venue, jurisdiction in the federal court is also defective. *See Rossi Sheet Metal Works v. American Employers Insurance Co.*, 439 F.Supp. 895 (D.R.I.1977); *Still v. Missouri Pacific Railroad Co.*, 335 F.Supp. 78 (N.D.Ok. 1971); *Cobb v. National Lead Co.*, 215 F.Supp. 48 (E.D.Ark.1963); *Mayner v. Utah Construction Co.*, 108 F.Supp. 532 (W.D.Ark.1952). We do not disagree. Other cases hold that where state court venue is not jurisdictional, a challenge to it cannot be used to defeat federal jurisdiction. *See Buffington v. Vulcan Furniture Manufacturing Corp.*, 94 F.Supp. 13 (W.D.Ark. 1950); *Ware v. Huffman-Wolfe Co.*, 93 F.Supp. 273 (N.D.Ala.1950). The crucial question is whether proper venue in state court is jurisdictional, and Cal.Civ.Proc. Code § 395.5, which was not involved in those cases, is not jurisdictional.

Dismissal of the action against Marsh, Inc. must be reversed and the matter remanded for further proceedings in the district court. The dismissal of the action against Companies and Crusader is affirmed.

Fletcher, Circuit Judge, dissented and filed opinion.