No 22,887.

OLLIE FRANCIS, *Appellee,* v. HARVEY FRANCIS, *Appellant.*

SYLLABUS BY THE COURT.

1. DIVORCE — *Amount of Alimony — Matters to Be Considered — Judicial Discretion.* Upon granting a divorce for the fault of the husband the court may take into consideration, in the matter of alimony and division of property, the financial ability of the parties, the custody and maintenance of children, the conduct and the earning capacity of the husband, and before the judgment rendered can be reversed it must appear that the court in making the award abused the discretion vested in it.

2. SAME—*Alimony—No Abuse of Judicial Discretion.* The evidence examined, and it is held that the award made is not unreasonable and the court did not abuse its discretion in making it.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed January 8, 1921. Affirmed.

*F. W. Paschal,* of St. Joseph, Mo., for the appellant.

*C. W. Reeder,* of Troy, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff obtained a divorce from the defendant on the ground of extreme cruelty and of that judgment he does not complain.

In this appeal he does insist that too large a part of the property was awarded to the plaintiff. There was only a small property to be divided between them. There was a twenty-acre tract of land valued at $3,500, and personal property of about the value of $500. The land was awarded to the plaintiff to whom the custody of their three children, whose ages were respectively six, four and two years, was given. The personal property remaining at the time the divorce was granted was also awarded to plaintiff, but before it was granted defendant had obtained an allotment of a team of horses, harness, a wagon and some tools, worth about $225, and certain crops worth about $37. Under an order of the court he had previously paid $40 to plaintiff for her attorney, and $60 towards the maintenance of herself and children pending the

Francis v. Francis.

litigation. After the separation and before the trial he had paid a debt of $75 for household expenses, and $200 as a balance of the mortgage debt on the farm. In giving the plaintiff the custody and maintenance of the children, the court required defendant to pay towards their maintenance $8.33 a month until the youngest reached the age of fourteen years. He insists that he should have been given one-half of the property and that the court abused its discretion in the award made. There is no fixed standard for the allowance of alimony or the division of family property, and the amount awarded rests largely in the discretion of the trial court. It has been determined that before a judgment in such a case can be reversed it must appear that the court abused its discretion. (*Miller v. Miller,* 97 Kan. 704, 156 Pac. 695.) The parties were married in 1911 and at that time he owned the land but there was a mortgage debt upon it of $500, and he also had personal property of the value of about $350. She brought some household goods to the relationship, the value of which is not stated. During the marriage relation she coöperated with him and helped in paying the mortgage debt on the farm. In addition to the care of the children and the performance of the ordinary household duties, plaintiff assisted in the maintenance of the family by planting and cultivating a garden. It appears that in the division made the court treated the plaintiff liberally, but it should be kept in mind that she was given the custody and assumed the burden of the maintenance and education of their three young children, towards which he was to contribute a sum that was little more than nominal. In making the division the court takes into consideration the financial ability of the parties, their station in life, custody and maintenance of children, and the conduct of the parties. (*Galutia v. Galutia,* 72 Kan. 70, 82 Pac. 461.) None of the evidence as to the conduct of the defendant was brought into the record by him and hence that element is not open to our consideration. He was content to let the facts stand as adjudged that he was guilty of extreme cruelty toward his wife.

It appears that he is an able-bodied man about thirty years of age, trained to do farm work and ordinary labor, and the

plaintiff who is about twenty-six years of age is not trained for any occupation, except ordinary housework. It has been held that when a divorce is granted because of the fault of the defendant, his earning capacity may be taken into account and he may in a proper case be required to pay as permanent alimony even more than the value of his estate at the time of the divorce. (*Nixon v. Nixon*, 106 Kan. 510, 188 Pac. 227.)

Taking the case as presented and the circumstances shown into consideration, we cannot say that the award made was unreasonable, much less that in making it the trial court abused the discretion vested in it.

The judgment is affirmed.