## Ex parte SHULL.

No. 18453.    Opinion Filed Nov. 1, 1927.

(Syllabus.)

**Habeas Corpus—In Contest for Custody of Children Their Welfare the Chief Consideration.**

In an action between parties for the care, custody, and control of minor children, the best interest and general welfare of such minors are the chief elements to be considered in determining their custody.

Original action in Supreme Court for custody of minor children. Action by Zona P. Shull, as mother and next friend of Hazel Shull and George Shull, against Elbert W. Shull. Judgment for respondent.

C. L. McArthur, for complainant.

Womack, Brown & Cund, for respondent.

LESTER, J. The plaintiff, as mother and next friend of Hazel Shull and George Shull, minors, filed in this court an original action in the nature of a writ of habeas corpus, in which she asked that she be decreed the custody and control of said minors, alleging that the respondent, Elbert W. Shull, father of the said children, had wrongfully and unlawfully exercised the control, custody, and restraint of said minors.

The plaintiff also alleged that on the 27th day of January, 1927, an absolute decree of divorce was granted the plaintiff by the district court of El Paso county, state of Colorado, and said decree also provided that the plaintiff be granted and awarded the sole care, custody, and control of said minor children.

Respondent filed his answer to the complaint of the plaintiff in which he alleged that the said minor children were, at the time the judgment of the Colorado court was entered, residents of the state of Oklahoma, and in the care, custody, and control of the respondent, and that the district court of Colorado was without jurisdiction to render any judgment touching the care, control, and custody of said minors.

There were other issues presented in the pleadings of the complainant and respondent.

This court ordered that evidence be taken by the referee of this court on the issues presented by the pleadings. Thereafter a number of witnesses were examined before the referee, and their evidence is here presented for our consideration.

We do not deem it necessary here to discuss the evidence in detail.

The domestic differences between complainant and respondent, in our judgment, were based upon incompatibility of temperament, finally leading to a separation and divorce.

The children of these parents became the innocent sufferers on account of such separation and divorce.

In our judgment, the evidence shows that at the time the decree was entered granting the plaintiff the care, custody, and control of the children, said children were then in the state of Oklahoma.

It is shown by the evidence that Hazel Shull is of the age of 12 years and George Shull is seven years of age. Hazel, the daughter, was a witness in the case, and from her manner of testifying it is shown that she is a person possessing a very bright mind. She testified that she preferred to be in the care, custody, and control of her father. She also stated that she was then enrolled as a student in a school at Chickasha under the direction of her father.

It appears that the respondent, as the father of the two minors, has provided them with the necessary comforts of life and has caused them to attend school.

Children need the protecting care of both father and mother. It often occurs that they do not enjoy this degree of protection, and such is the case here. It is to be regretted that for the welfare of their children the parents refused to compose their differences. But this court does not have control over this situation, and, therefore, it becomes our duty to render such judgment as will best serve the interest of these two children.

The evidence shows that the father is earning $175 per month; that he is able from a financial standpoint to properly support the minors. As heretofore stated, the oldest child is in school at Chickasha at the expense of the father and the youngest child is also attending school.

In the case of Jamison v. Gilbert, 38 Okla. 751, 135 Pac. 342, the doctrine there announced is that the welfare of the children is the chief element to be considered in determining custody.

As heretofore recited, it is shown that Hazel Shull, the oldest child, prefers to remain in the care, custody, and control of her father.

In section 9, 31 C. J. 990, it is said:

"The controlling consideration in such matter is the best interest of the child. Any order or decree affecting his custody is subject to future control and modification by the court, as subsequent conditions and circumstances may require for his welfare. Wards of the court should not be removed out of the jurisdiction without leave of the court, and it is a contempt of court to remove the ward out of the jurisdiction, or from the custody of the person authorized by the court to have the custody of the infant."

In the case of Jackson v. Clay, 89 Ark. 501, 117 S. W. 546, which case involved a contest between the father and mother over the custody of their child, the trial court awarded the child to his father. The mother appealed the case to the Supreme Court, and the decision of the trial court was reversed, with directions to place the custody of the child in the mother. In reaching this conclusion the appellate court made the following observations regarding the preference and choice of the child:

"At the time of the trial Charlie was twelve years * * * five months old and was a witness in the case. His testimony shows him to be a bright and intelligent boy. He unhesitatingly said that his father was unkind to him. He expressed a positive desire to live with his mother and said his treatment there was far better than when with his father."

The court in the same case said in its syllabus:

"In awarding the custody of infants on habeas corpus the court not only considers the rights of the parents, but also the wishes of the child when it is of sufficient age and intelligence to make a choice."

In the case of Tytler v. Tytler, 15 Wyo. 319, 89 Pac. 1, it is there said:

"It is clear that in any controversy between the parents for the custody of their minor children the court will regard the welfare of the children as paramount consideration."

It is shown by the testimony of Hazel Shull that she did not live happily with her mother; that her mother at times kept her alone in a locked room; that she had threatened to kill said minor child and that the child lived in great fear on account of the mother's conduct toward her.

It would serve no useful purpose here to

discuss in detail the testimony in this case from which the court arrives at its order and judgment.

Owing to the attitude of the mother toward the minors as shown by the evidence in this case, we are of the opinion that the best interest and general welfare of said minors will be the better served by adjudging that the care, custody, and control of the children remain in the father. It is, therefore, adjudged and decreed that the respondent have the care, custody, and control of the two minors, to wit, Hazel Shull and George Shull, until further orders of this court, and that said minors be kept in the jurisdiction of this court and that the plaintiff be permitted to visit said minors from time to time and at reasonable hours.

BRANSON, C. J., MASON, V. C. J., and HARRISON, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 31 C. J. p. 990, §9: 12 R. C. L. p. 1215; 2 R. C. L. Supp. p. 1574; 4 R. C. L. Supp. p. 790.