## GILCREASE v. GILCREASE.

No. 25832.   Jan. 21, 1936.

Rehearing Denied March 3, 1936.

Poe, Lundy & Morgan and Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Duff & Manatt, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Osage county by Thomas Gilcrease, hereinafter referred to as plaintiff, against Norma Des Cygne Gilcrease and Mahala Dickerson, hereinafter referred to as defendants. The action was one for divorce and custody of a minor child. At the conclusion of the hearing, judgment was rendered in favor of plaintiff for divorce, and he was awarded custody of the minor child, and defendant was granted alimony in the sum of $15,000, payable at the rate of $250 per month. From said judgment and decree, Norma Des Cygne Gilcrease appeals.

The purpose of this statement will be to outline as briefly as possible a general summary of the issues involved.

Plaintiff is an oil operator possessed of considerable means. At the time of their marriage plaintiff was 37 years old, and had been previously married, and the defendant was 20 years old.

On October 9, 1933, plaintiff filed his petition alleging that the parties were married on September 3, 1928; that there was born of said marriage one daughter, Des Cygne L'Amour Gilcrease, who on the date of filing the petition was four years and three months old. In said petition it is

238

charged that subsequent to the marriage of plaintiff and defendant their life was happy and harmonious for a period of about two years, at which time the defendant Mahala Dickerson, mother of defendant Norma Gilcrease, without plaintiff's consent moved into his home and took charge thereof, and began a course of conduct for the express purpose of alienating the affections of defendant Norma Gilcrease and his minor child. The petition further charged a course of conduct on the part of defendant Norma Gilcrease which plaintiff alleged constituted extreme cruelty and gross neglect of duty. Plaintiff prayed for divorce, the custody of the child, and for a restraining order restraining defendant Mahala Dickerson from further trespassing upon his property and that she be required to move from his home.

On October 10, 1933, defendant Norma Gilcrease filed her answer and cross-petition in which she denied generally the allegations of the petition and alleged acts and conduct on the part of plaintiff in the nature of extreme cruelty, and by cross-petition sought a divorce from the plaintiff, custody of the minor child, attorneys' fees, and a property settlement.

Several preliminary orders were made, and on November 13, 1933, plaintiff filed his first amended petition, in which he charged that defendant had been guilty of improper conduct by carrying on drinking parties at his home, and that she had allowed various men to take liberties with her person, and was guilty of adultery with one Charleton Genet. All of these allegations are denied in defendant's answer to plaintiff's amended petition.

At the long drawn-out trial the testimony was very conflicting.

At the conclusion of the hearing the court entered various findings of fact in which it was stated that the testimony was irreconcilable and the conclusions would naturally follow that the witnesses on one side or the other were not telling the truth. The trial court also pointed out that a great majority of the witnesses had an interest in the case, but the court found that some few of the witnesses were disinterested. The court further stated that he would not make a finding upon the question of adultery, but would find that the evidence offered by plaintiff showed a course of conduct on the part of Norma Gilcrease such as to constitute extreme cruelty and gross neglect of duty, and that plaintiff was entitled to a divorce on those grounds. We deem it advisable to include the remarks of the court in relation to the custody of the child as follows:

"Now, then, the main thing to dispose of and the big question in this case, as has been agreed upon by all the parties, is the disposition of this little girl. It is a sad situation that these people cannot live together and take care of her, but that cannot be done. I cannot give, in this case, a divided jurisdiction as is sometimes done; that is, I, cannot give her six months to one and six months to the other—that cannot be done, because these people are so far apart that they would never be able to get along. There is no doubt in my mind but that the mother in this case loves this child dearly as she could possibly love a child. On the other hand, there is not any doubt but what Mr. Gilcrease has the same affection for the child. It is, as I said, a sad situation, but she must go with one or the other of them. I do not think there is any question but what if she were placed in the hands of Mr. Gilcrease she would receive just as good treatment as she possibly could. On the other hand, I feel that if she were placed in the hands of Mrs. Gilcrease that she would receive good treatment—good treatment in either place. But it is my judgment that the little girl would be better cared for in the hands of her father than she would be in the hands of her mother."

The court further ordered, pursuant to stipulation of the parties, that plaintiff pay defendant alimony in the sum of $72,000 at the rate of $200 per month, with the proviso that the alimony cease with the remarriage of Mrs. Gilcrease. Later, at the request of defendant to withdraw the stipulation made in respect to the payment of alimony only so long as she remain unmarried, judgment was entered in favor of defendant for permanent alimony in the sum of $15,000, payable at the rate of $250 per month, from which defendant in error has prosecuted no appeal.

The argument of defendant for reversal is divided into 23 points; sixteen of these points relate to error of the court in the admission of evidence. Other allegations of error are that the allegations in the amended petition do not allege either extreme cruelty or gross neglect of duty; the court rendered its judgment on grounds not alleged in the petition nor in the amended petition; the court's finding that defendant had been guilty of extreme cruelty and gross neglect of duty is without evidence to support it; the court's action in deciding the

case solely on the testimony of witnesses for the plaintiff was arbitrary, capricious, and without warrant of law; the court on the evidence should have granted a divorce to the defendant and cross-petitioner; the custody of the child was improperly awarded to plaintiff; the amount awarded to the defendant is inequitable, unjust, and not in accordance with equity and good conscience, being wholly inadequate in this instance; the court erred in refusing to strike from the petition as a party defendant the name of Mahala Dickerson.

In this case the court recognizes from the record that one of life's tragedies has been enacted. It would serve no useful purpose to delineate in detail the facts set forth in the voluminous record. We have carefully reviewed the pleadings and the evidence. We are of the opinion that the issues of gross neglect of duty and extreme cruelty were sufficiently alleged in the pleadings, and that the judgment of the trial court in granting a decree of divorce predicated on said grounds is not against the clear weight of the evidence, and said judgment is affirmed.

It is also a grave responsibility to determine the custody of minor children where the marriage ties have been dissolved, and in exercising a sound discretion the courts should ever take into consideration the natural and inherent rights of parents; but the paramount and uppermost consideration should be given to the best interests of the child. The trial court was of the opinion that the best interests of the child would be subserved by placing the child in the permanent care and custody of the father. We cannot but feel that said action was justified under the record in this case.

By the provisions of section 671, O. S. 1931, the court has a continuing jurisdiction to make proper and necessary changes of the custody of the child of the parties hereto upon proper notice and hearing. The right of visitation accorded to the mother in this case is restricted to one day per week. We are of the opinion that said order of custody should be so modified as to permit more normal association between plaintiff in error and her child. The plaintiff in error should have the occasional right to take said child to her home and retain it for brief periods of time, so long as the surrounding conditions are not inimical to the best interest of said child, and at such times when the proper development of said child will not be interfered with. We are inclined not to take the responsibility of making a change in the order of the trial court, but to leave to the trial court the duty and responsibility upon proper application and notice to consider further said right of visitation.

The trial court fixed an allowance of permanent alimony in the sum of $15,000, of which defendant in error does not complain. During the pendency of this appeal this court made an order directing the payment of $250 per month to plaintiff in error as temporary alimony. We approve the permanent allowance of $15,000, but the temporary allowance heretofore made by the trial court and this court shall not be considered in the satisfaction of any portion of said sum, but said sum shall be paid by defendant in error monthly beginning from the filing hereof.

The costs of appeal herein are charged against defendant in error, together with an attorney's fee for plaintiff in error's attorneys in the sum of $2,500.

The judgment of the trial court is affirmed, with directions to the trial court, however, to hear an application, upon notice, as to liberalizing the right of visitation of plaintiff in error in accordance with the views hereinabove expressed.

McNEILL, C. J., and PHELPS and GIBSON, JJ., concur. BUSBY, J., specially concurs. RILEY, BAYLESS, and WELCH, JJ., concur in opinion and conclusion, but dissent as to attorney's fee. CORN, J., dissents.

BUSBY, J. (specially concurring). I concur fully in the opinion, except that I believe Norma Des Cygne Gilcrease should receive a larger award than $15,000 as alimony. The record discloses that at one time it was agreed that she should receive the sum of $72,000, provided she did not remarry. Plaintiff in error asked that the clause relative to remarriage be modified, whereupon the trial court reduced the sum to $15,000. I believe this sum should be increased.