## BUSH v. BUSH.

No. 28593. Jan. 31, 1939.

Rehearing Denied July 11, 1939.

Application for Leave to File Second Petition for Rehearing Denied Sept. 26, 1939.

Bishop, Bishop & Seay, for plaintiff in error.

W. W. Pryor, G. O. Wallace, Con Long, and J. W. Levin, for defendant in error.

PER CURIAM. The plaintiff, O. L. Bush, obtained a divorce from the defendant, Grace Bush, on the 8th day of February, 1936, at which time the eight-year-old child was given into the custody of the father, O. L. Bush, and the 16-months-old child was given into the custody of the mother, Grace Bush. Both of these children were boys. At that time the plaintiff was ordered to pay $20 per month for the support of the younger child, Bobby Jean. On the 28th day of January, 1937, O. L. Bush filed an application for a modification of the decree. Therein it is stated, in substance, that the defendant, Grace Bush, was not giving the child, Bobby Jean, the proper care. The application further alleged that since the date of the decree of divorce Grace Bush had surrendered the custody of the said Bobby Jean to other parties; that Grace Bush had become accustomed to the excessive use of intoxicating liquor; that the child was constantly placed in surroundings not conducive to decent and moral behavior; that the child does not have a home; that applicant has a place where he could care for and rear the child; that he is anxious to have the child in his care and custody and is financially able to care for him.

The defendant filed a response stating that she had kept the child as long as plaintiff had paid the $20 per month alimony provided by the decree; that plaintiff had failed and refused to make the regular monthly payments and that the defendant had delivered the child to the home of Mr. and Mrs. Jake Sims, at Seminole, Okla. She alleged that the child was well cared for and denied that she used alcoholic liquors to excess. She also denied that plaintiff had a home where the child could be cared for and denied that the plaintiff had the custody of the older child, and alleged that since April, 1937, plaintiff had not contributed anything to the support of the younger child.

On the 28th day of March, 1938, when the matter came on for hearing, defendant, Grace Bush, moved that the hearing be continued until the plaintiff had complied with the terms of the decree providing for the payment of $20 per month. This motion was overruled.

At the conclusion of the hearing the court modified the decree and granted the custody of Bobby Jean to the plaintiff, O. L. Bush. The defendant, Grace Bush, seeks to vacate this order.

The evidence discloses that the plaintiff had remarried and has a home for the child; that he was drawing a salary of $210 per month as an engineer at the time of the hearing; that both he and his present wife are desirous of having the child, Bobby Jean, in their custody and that he is capable of furnishing the child with a home and with the proper surroundings and care. The evidence also shows that approximately eight months before the date the application was filed in January, 1937, the defendant, Grace Bush, had placed the child in the custody of Mr. and Mrs. Jake Sims, at Seminole, Okla., and that the mother and defendant, Grace Bush, was at the time and is now a resident of Ada, Okla.

As to whether the child could be best benefited by leaving him with third persons or with the plaintiff or the defendant is a matter to be determined by the trial court, who should take into consideration the paramount interest of the child, and whose order will not be reversed in the absence of an abuse of discretion. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P.2d 1056.

Defendant refers to authorities holding, in proper cases, that the child may be given

to a third person. No order was ever made by the court for the child to be delivered to third persons. Defendant also states that the court should not have made any order relative to the disposition of the child until the alimony plaintiff owed the defendant was paid. Primarily this was a matter for the trial court to determine. The court could have refused to proceed with the hearing until the plaintiff made satisfactory explanation as to any funds due for alimony. The trial court declined to postpone the case on motion of the defendant. We find no error in this respect.

The rule to be followed in deciding the proper custody of a minor child has many times been announced by this court. As said in Ex parte Shull, 127 Okla. 253, 260 P. 775:

"In an action between parties for the care, custody and control of minor children, the best interest and general welfare of such minors are the chief elements to be considered in determining their custody."

The court in awarding custody must be guided primarily by the child's best interest in respect to its temporal, mental, and moral welfare. Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Mattox v. Mattox, 129 Okla. 301, 264 P. 898; Panther v. Panther, 147 Okla. 134, 295 P. 219; Whitehorn v. Whitehorn, 169 Okla. 332, 36 P.2d 943; Seddicum v. Seddicum, 167 Okla. 420, 30 P.2d 156; Burke v. Burke, 119 Okla. 254, 249 P. 1110; Newberry v. Newberry, 147 Okla. 249, 296 P. 202. The record does not reflect an abuse of discretion on the part of the trial court in granting the custody of the child to its father.

The order modifying the decree is affirmed.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.