BOWRING v. BOWRING.

No. 32095. Feb. 26, 1946.

166 P. 2d 415.

Cook & Bingaman, of Purcell, for plaintiff in error.

Purman Wilson, of Purcell, for defendant in error.

PER CURIAM. This is an action commenced by Mildred P. Bowring, hereinafter called plaintiff, against Raymond H. Bowring for divorce, ali-

mony, and custody of the minor children. At the conclusion of all the evidence the trial court entered a judgment for the plaintiff for divorce but granted custody of the children to the defendant and entered judgment for $300 for alimony payable $15 weekly.

Plaintiff has appealed from the order allowing alimony and from the order granting custody.

The evidence discloses, without substantial conflict, that the parties were married on January 10, 1931. Of this marriage four children were born. Their ages at the date of the trial on the 17th day of August, 1944, were 12, 10, 6, and 4. All of the children were girls with the exception of one boy, age 10. On September 28, 1937, the defendant sustained a serious and permanent injury. At the date of the trial he was employed by Douglas Aircraft at Oklahoma City. The plaintiff has been qualified to teach and had taught school, but at the date of the trial was also employed as a laborer with Douglas Aircraft. The parties owned a small four-room dwelling located on six town lots in the town of Blanchard, Okla. It is agreed that its value is approximately $1,000. It is encumbered with a mortgage which is being paid out by the month at approximately the sum of $15. The mortgage is in the neighborhood of $375. In addition to this there is an indebtedness of approximately $300 owed by the plaintiff, part of which is evidenced by a lien filed to the extent of $113 for labor and material used in improving the dwelling. The household furnishings are of the approximate value of $500.

The trial court ordered the parties to pay their own witness fees and attorney fees, otherwise the costs to be paid by the defendant.

It is first argued that the court erred in granting the custody of the children to the defendant. Although children of tender years are ordinarily placed in the custody of the mother, this question should be determined from all the facts and circumstances. In the determination of custody of minor children in a divorce action the best interest of the children should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion this court will not reverse the order of the trial court. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056. The evidence discloses that the plaintiff will be forced to work in order to sustain herself. The children can be kept together and be well cared for at the home of their grandparents, the parents of defendant; they are on a bus line not too far distant from their schooling. We are of the opinion, and hold, that the order granting custody of the children to the defendant should not be disturbed. Plaintiff cites and relies upon the rule announced by this court in Newberry v. Newberry, 147 Okla. 249, 296 P. 202, wherein the court stated that where the review of all the evidence showed that the accusation made against the wife originated in the mind of the husband it would be utterly unfair to place the custody of the children with the husband against the right and consideration of the wife. We have carefully reviewed the record in this case and, without stating the evidence upon which the court acted, are convinced that the court arrived at a different conclusion to that arrived at in Newberry v. Newberry, supra. We are convinced that the conclusion of the trial court was correct.

It is next argued that the court erred as a matter of law in awarding alimony of $300 in the case at bar without dividing the jointly-acquired property as provided by 12 O.S. 1941 § 1278. It is argued that the alimony provided is separate and distinct from the award of the interest in the jointly-acquired property. While the statutes make provision for property adjustment and alimony (12 O.S. 1941 §§ 1277 and 1278), for practical purposes a grant of money denominated alimony may, in effect, be considered as a division of property. Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556; Mathews v. Mathews, 186 Okla. 245, 96 P. 2d 1054. It is the

522

duty of the trial court in adjusting property rights and awarding alimony to take into consideration the earning capacity of the husband where the award is in favor of the wife. Mathews v. Mathews, supra; Francis v. Francis, 108 Kan. 220, 194 P. 641; Miller v. Miller, 97 Kan. 704, 156 P. 695. Considering the serious injury and handicapped condition of defendant, in all probability he will do well to care for the children, pay the indebtedness on the home, together with the other debts accumulated during the family relationship. At the time the court made the order for the payment of the $300 a handicapped person was capable of earning a livelihood much more readily than perhaps will be true in the years to follow. The record discloses that the plaintiff is a qualified teacher and can return to that profession at any time she chooses. She has other qualifications not necessary to mention in this opinion which will afford her an honest living.

In making the award and division of property the court should take into consideration the financial ability of the parties, their station in life, custody and maintenance of children, and the conduct of the parties. Francis v. Francis, supra; Galutia v. Galutia, 72 Kan. 70, 82 P. 461.

It has been determined that before a judgment in a case awarding alimony will be reversed it must clearly appear that the court abused its discretion. Mathews v. Mathews, Miller v. Miller, Francis v. Francis, supra.

We are of the opinion, and hold, that the order and judgment of the trial court is not clearly against the weight of the evidence.

The judgment is affirmed.

GIBSON, C. J., HURST, V.C.J.; and RILEY, WELCH, DAVISON, and ARNOLD, JJ., concur.