COCHRAN v. COCHRAN.

No. 32141. Oct. 8, 1946.

Rehearing Denied Dec. 11, 1946.

*174 P. 2d 913.*

Stephenson & Stephenson, of Okemah, and Sid White, of Oklahoma City, for plaintiff in error.

PER CURIAM. C. M. Cochran, hereinafter referred to as plaintiff, filed an action against his wife, Ardith Cochran, for divorce. On the 2nd day of October, 1943, the divorce was granted and the defendant was awarded the custody of the minor children, Charles Mayo, eight years of age, and Walter Martin, three years of age.

After the entry of the decree the de-

fendant removed to the State of Alabama and took the children with her. The plaintiff thereupon filed an application to modify the decree, and on the 29th day of September, 1944, after a complete hearing, the court changed the order, granting the plaintiff the custody of the children from June 15th to August 15th of each year.

Plaintiff has appealed and raises the single issue that by leaving the State of Oklahoma and the jurisdiction of the trial court the defendant has forfeited the right to the custody of the children. This matter was thoroughly considered by the trial court in making its order of September 29, 1944. Plaintiff cites and relies upon Wald v. Wald, 168 Mo. App. 377, 151 S.W. 786, and Goodrich v. Goodrich, 209 Iowa, 666, 228 N.W. 652. Therein the court found, in each case, that the children were removed without the permission of the court. In Goertzen v. Goertzen, 194 Okla. 207, 148 P. 2d 982, we held that an order modifying a prior order in divorce by awarding custody of children to the mother instead of the father might be made at any time; and if not clearly against the weight of the evidence and contrary to law, the finding of the trial court in that respect would not be reversed. That in determining as between the divorced parents, the question of who shall have the custody of minor children, the welfare of the children is of paramount consideration.

We have carefully reviewed the evidence in the case at bar and are convinced that the trial court reached the correct conclusion in leaving the general custody of the children to the defendant. In this connection, see Freeman v. Freeman, 190 Okla. 74, 120 P. 2d 627; Bush v. Bush, 185 Okla. 443, 92 P. 2d 363; Ex parte Frear, 190 Okla. 16, 119 P. 2d 854; and Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056.

Order affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, and DAVISON, JJ., concur. RILEY and BAYLESS, JJ., dissent.