**Maye WILLS, Plaintiff in Error,**

v.

**Paul Frank WILLS, Defendant in Error.**

No. 38470.

Supreme Court of Oklahoma.

Feb. 2, 1960.

**2**

John A. Cochran, Tulsa, for plaintiff in error.

Pitcher & Logan, Vinita, for defendant in error.

IRWIN, Justice.

This is an action by the wife, Mae Wills Myatt, formerly Maye Wills, to modify that portion of a divorce decree awarding the care, custody, control and education of a minor child jointly to the husband and the paternal grandparents.

The original divorce proceeding was commenced by the husband. He alleged incompatibility, the birth of the minor child and prayed for an absolute divorce, custody of the minor child and approval of the property settlement contract entered into between the husband and wife. The wife filed a waiver of issuance and service of summons and entered her general appearance. On February 4, 1956, the trial court approved the property settlement contract, awarded the custody, care, control and education of the minor child, who was then four years old, jointly to the husband and to the paternal grandparents and granted him an absolute divorce.

On March 26, 1957, the wife filed her motion to modify that portion of the decree relating to the care, custody, control and education of the minor child. After a complete hearing the trial court modified the decree by providing the mother should have the minor child visit her for the month of July, 1958, and each month of July thereafter, provided the mother should not remove the child from the jurisdiction of the court to her home in California until she filed with the Court Clerk of Craig County, Oklahoma, a good and sufficient bond in the sum of $1000.00, approved by the Court Clerk and conditioned that she would return the minor child on August 1st of each year. The order also provided the cost of transporting the child back and forth to California should be equally divided between the husband and wife. After a motion for a new trial was overruled, the wife perfected this appeal.

The wife contends the trial court erred in refusing to change custody of the minor child on the ground that conditions had changed since the divorce. In this connection, she contends that at the time of the divorce and the custody of the child was granted jointly to the husband and the paternal grandparents, she was destitute and had no way to care for the child, but since that time she has remarried and now has a home and adequate facilities for the care, custody, education and support of the child. She also contends that when the divorce was granted, her husband agreed if she would sign the waiver, that as soon as she obtained a proper home the child would be placed in her care and as the divorce was obtained in a county far away from the home of the plaintiff or defendant, there was sufficient evidence in the record sustaining her contention that the husband had agreed that when her circumstances changed that she would be given custody of the child and that the trial court was unaware of this, and such constitutes a fraud on the court. She also contends that a mother should be given preference of custody of a child of tender years if she is a fit and proper person to have custody and is able to provide the child with a fit and proper home.

The evidence discloses the wife has remarried and has one child of this marriage, and is presently living in California and her husband earns $7000.00 per year and they own a three bedroom home. However, the record does not sustain her contention that she was destitute at the time of the original divorce action and custody of the child was awarded jointly to the husband and the paternal grandparents, as she testified she was given the home and furniture and her husband paid all the debts that had accumulated and that she was then employed and earning $230.00 per month.

She also testified that when she and her husband agreed to get a divorce they agreed to the property settlement and custody of the child; that arrangements had been

made with an attorney in Vinita to file the proceedings in Craig County and that she and her husband discussed the matter between themselves and with the attorney; that she and her husband agreed that it would be best to leave the child with the husband but they also agreed when she established another home she could have custody of the child; that she examined all the papers including the waiver which she signed and admitted the attorney explained the waiver to her and told her she was not compelled to sign it but the signing would have to be voluntary on her part.

The husband testified that the reason the divorce proceedings were brought in Craig County was that his permanent home at all times prior to and at the time of the divorce was Vinita, Oklahoma, and that he worked in Tulsa, but never claimed Tulsa as his permanent home. He also denied he agreed to the custody of the child being changed but testified he did tell her that maybe sometime he would not be in a position to care for the child and that she might be, and then they might be able to agree as to change of custody.

With respect to any fraud being practiced on the trial court in the original divorce proceeding, we have carefully reviewed the record and find nothing therein of a fraudulent nature or any evidence of concealment of any material fact from the trial court, or where the husband intimidated the wife or made any misrepresentations to her. To the contrary, the husband and wife freely discussed between themselves and with the attorney every matter prior to the filing of the divorce proceedings, including the custody of the child and she acquiesced in the proceedings.

Having no fraud in the original divorce proceedings and considering the record and the other contentions as a whole, the remaining issue to be resolved is whether the trial court was justified in modifying the decree as it did, or did the trial court abuse its discretion in not awarding full custody to the wife.

The wife relies principally on the case of Lewis v. Sisney, 205 Okl. 599, 239 P. 2d 787, wherein we held that other things being equal, if a child be of tender years its custody should be given to the mother, and that the modification of a decree of divorce for custody of a minor child must be based on a change of conditions occurring since rendition of the decree. This case can easily be distinguished from the case at bar. In that case the wife was actually destitute, living in a boarding house and was sick at the time of the divorce decree and she afterwards regained her health, secured employment paying good wages and had a suitable home in which to care for and rear the child. In the case at bar the wife was a healthy person at the time the divorce was granted and was awarded the home and the furniture therein and was steadily employed and earning $230.00 per month. In the Lewis v. Sisney case, supra, there was a distinct change in condition and the trial court so found, while in the case at bar the trial court did not find such a change in conditions since the decree was entered to warrant a change in the permanent custody of the child.

In the Lewis case and other cases, we have repeatedly held in the determination of the custody of a minor child in a divorce action the best interest of the child should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court. Adams v. Adams, Okl., 294 P. 2d 831; Watson v. Watson, 202 Okl. 261, 212 P.2d 667; Cochran v. Cochran, 198 Okl. 52, 174 P.2d 913; Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415; and Bush v. Bush, 185 Okl. 443, 92 P.2d 363.

In examining the record we can find no evidence indicating that the husband or the wife are not fit and proper persons to have the care and custody of the child or that either of them could not provide a suitable home for its care and education, nor do we find a change in condition since the rendition of the divorce that would

warrant a change in permanent custody. The record does not reflect an abuse of discretion on the part of the trial court in refusing to change the permanent custody of the minor child to its mother.

The order of the trial court is therefore affirmed.