Mrs. William DUFFY, Plaintiff in Error,

v.

Sara KING, Defendant in Error.

No. 38524.

Supreme Court of Oklahoma.

March 8, 1960.

See also 350 P.2d 280.

Kennedy & Kennedy, John H. Kennedy, Oklahoma City, for plaintiff in error.

Cargill, Cargill & Chiaf, by Al Hoch, Oklahoma City, for defendant in error.

IRWIN, Justice.

On April 22, 1957, in a divorce action pending in the 16th Judicial District Court of Cooke County, Texas, wherein Sara Ristell Duffy was plaintiff and Bernard R. Duffy was defendant, a decree was entered in favor of Sara Ristell Duffy dissolving the bonds of matrimony and granting her an absolute divorce from Bernard R. Duffy. The decree awarded the custody of the minor child of the parties, William Jonathan Duffy, (age 3 years and 9 months), to Sara Ristell Duffy with reasonable visitation to the defendant. The decree also contained the following order:

"It is further ordered, adjudged and decreed that, without in any wise affecting the order with regard to custody and vesting of custody in Sara Ristell Duffy, the Court recognizes that by agreement of the parties, temporary custody has been placed in the hands of Mrs. Bessie Mae Duffy, where it shall remain unless terminated by the happening of any one of the following contingencies:

"(a) The lapse of two years from the date of this judgment;

"(b) The death or disability of Mrs. Bessie Mae Duffy;

"(c) The remarriage of plaintiff, Mrs. Sara Ristell Duffy;

"(d) Removal of the place of abode of Mrs. Bessie Mae Duffy out of Oklahoma City, Oklahoma."

On or about March 10, 1958, Sara Duffy married Jerry King, and is now Sara King, the defendant in error. On April 4, 1958, Mrs. William Duffy, one and the same person as Mrs. Bessie Mae Duffy, and paternal grandmother of the minor child, instituted this action praying for custody of the child until April 22, 1959, and an order restraining the defendant from permanently moving the child from her home. A restraining order was issued and on hearing the case on the merits, the trial court awarded custody of the minor child to Sara King. After a motion for a new trial was overruled, Mrs. William Duffy perfected this appeal. The parties will be referred to by their trial court designation.

The natural father of the child, son of Mrs. William Duffy, filed no pleadings and did not appear as a witness in the proceedings.

Pleadings

After pleading the judgment of the District Court of Cooke County, Texas, Mrs. William Duffy alleged that on or about March 10, 1958, Sara Ristell Duffy remarried and she has learned Sara Duffy King, the defendant, intends to permanently remove the minor child from the home of the plaintiff; that it would be to the best interest and general welfare of the child to remain in the care and custody of plaintiff; that the defendant intends to complete nurse's training and does not have time or temperament to care for the child, and it was not contemplated at the time of the divorce that should she remarry, she would continue nurse's training; that the defendant has become unfit morally to care for said child. She prayed for custody of the child until April 22, 1959, and for an order restraining defendant from contacting plaintiff except for visitation with the child and from permanently removing the child from the home of plaintiff.

The defendant, Sara Duffy King, pleads the judgment of the District Court of Cooke County, Texas, and alleges she is now married to Jerry Ed King, medical student, University of Oklahoma, and they reside and live at 2312 N.E. 27th Street, Oklahoma City, Oklahoma. She prays that the court give full faith and credit to the judgment and decree of Cooke County, Texas, and award the custody of the minor child to her.

## Evidence

Plaintiff testified she received custody of the minor child, William J. Duffy, on April 22, 1957; that the child was nervous, underweight, emotionally upset and unable to get along with anyone; that she gave him loving care, took him to the doctor and dentist, and that he is now happy and contented and weighs forty pounds; that she takes him to church on Sunday and sometimes during the week. Three other witnesses testified to practically the same conditions. Four snapshots of the boy taken three or four days prior to the divorce were admitted in evidence as a part of the cross-examination of the plaintiff.

To sustain her allegation that defendant was not a fit and proper person to care for the child, plaintiff introduced a deposition wherein the testimony was that defendant was guilty of misconduct.

The defendant testified as to her marriage to Jerry King on March 10, 1958; that they moved from the apartment to a house on N. E. 27th street to have more room, a fenced-in back yard where the boy could play and have a play house in the back yard. She testified as to the money she had spent on the child and her financial ability to care for, rear and educate him. She denied emphatically she had ever been guilty of misconduct.

Five witnesses from Oklahoma City testified for the defendant substantially that she and the child were affectionate toward each other; that the child was normal in all respects; that she was a fine mother and always conducted herself in a lady-like manner; that she attended church and Sunday school and took the child with her. Five witnesses from Gainsville, Texas, testified by deposition to substantially the same effect, their testimony covering the time the defendant lived in Gainsville prior to the divorce.

## Contentions

The plaintiff contends the defendant is not a fit and proper person to have the care and custody of the child; that the plaintiff is a fit and proper person and that it would be to the best interest of the minor child to remain in the custody of the plaintiff.

The defendant contends the judgment of the trial court is correct and conclusive; that to deprive the mother of her child, the evidence must be positive and not comparative in showing she is an unfit person.

## Conclusions

As in all disputes of this character, the paramount issue is what is to the best interest of the minor child in respect to his temporal, mental and moral welfare.

It is not disputed the plaintiff is a fit and proper person, with respect to the custody of the minor child, and has furnished him with a home, love, care, affection and has seen to his physical, mental and temporal welfare. Had conditions not changed, her temporary custody would have continued for the full two years under the agreement signed by her son and the defendant and under the decree of the District Court of Cooke County, Texas. But conditions changed by the marriage of Sara Ristell Duffy to Jerry King, and under the decree of the Texas Court, full custody of the child immediately vested in the defendant, only to be defeated by her specific agreement or by order of a court of competent jurisdiction finding that conditions had changed and it would be to the best interest of the child to change the custody.

In substantiation of the contention that the defendant is not a fit and proper person to have the care and custody of the minor child, the plaintiff refers to testimony offered by her in the deposition to the effect the defendant has been guilty of misconduct. It is true one witness testified by deposition that she had been guilty of misconduct, but when this testimony is examined in connection with the testimony of the defendant, serious doubt as to the veracity of the witness is entertained. This testimony was by deposition and the defendant appeared before the trial court and the trial court observed her and heard testimony. She vigorously denied any misconduct and while the trial court did not make specific findings as to this change, it was

well within his province, considering the testimony, to find this charge was not substantiated.

The plaintiff also contends the defendant is not temperamentally fit to have the custody of the child in that she has been under the treatment of a psychiatrist and on one occasion attempted suicide. There was no direct testimony as to these conditions, only innuendoes, and the defendant testified that she was in a hospital in Dallas, Texas, but was there as a result of a beating she received at the hands of her husband. She also emphatically denied that she had ever attempted suicide by taking an overdose of sleeping pills. These two events were prior to the divorce from her first husband and had there been any truth in such charges, it is reasonable to assume the husband would not have agreed that the custody of the child be given to her.

To support her position that she is a fit and proper person to have the custody of the child the defendant produced ten witnesses, five testified by deposition, and were from Gainsville, Texas, where she was living at the time of the birth of the child and where the divorce was granted, and five from Oklahoma City. These witnesses testified the defendant was kind and affectionate to and toward the child, looked after his physical, mental and moral welfare and termed her a kind, affectionate conscientious mother. The four pictures of the child, taken just a few days before the plaintiff actually took temporary custody of the child under the decree of the District Court of Cooke County, Texas, show a well-developed, healthy, and robust boy who appears normal in all respects.

The trial court heard the evidence and observed the witnesses. He heard the testimony of the defendant, observed her, her manner and demeanor, and there inheres in his judgment a finding by the trial court that the natural mother is a fit and proper person to care for, rear, educate and maintain her child.

We have consistently held that the paramount consideration of the court in matters involving the custody of a minor child of divorced parents is the best interest of the child, and where it does not appear that the trial court has abused its discretion, this court will not reverse the judgment. Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415; Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787; Gilcrease v. Gilcrease, 176 Okl. 237, 54 P.2d 1056; and Bush v. Bush, 185 Okl. 443, 92 P.2d 363.

After reviewing all the evidence we cannot say the trial court abused its discretion in awarding the custody of the minor child to its natural mother, defendant herein.

Judgment affirmed.