**Mrs. William DUFFY, Plaintiff in Error,**

**v.**

**Sara KING, Defendant in Error.**

**No. 38618.**

Supreme Court of Oklahoma.

March 8, 1960.

awarding the custody of William J. Duf-, fy, a minor child, to its natural mother, Sara King. In that action, Mrs. William Duffy, plaintiff in error in the instant case and paternal grandmother of the minor child, sought custody of said child until April 22, 1959. Notice of appeal from the order of May 8, 1958, was given by Mrs. William Duffy.

Prior to the time a case-made could be prepared and settled, she filed a motion in the same action to modify the order and sought full care and custody of the child. On October 8, 1958, a hearing was had and an order denying the modification was entered and notice of appeal given.

The appeal from the order of May 8, 1958, was perfected and docketed in this Court as Case No. 38,524, 350 P.2d 277, and on this date the order of May 8, 1958,. awarding the custody of the minor child to its natural mother, Sara King, was affirmed.

The appeal from the order of October 8, 1958, which denied the application of Mrs. William Duffy to modify the order of May 8, 1958, was perfected and docketed in this Court under Case No. 38,618, and was consolidated with Case No. 38,524, for briefing.

■ In the motion to modify the order of May 8, 1958, the plaintiff, Mrs. William Duffy, alleges that the defendant, Sara King, was married to Jerry King at the time the order was entered but that they were divorced on July 23, 1958; that the decree of divorce entered by the District Court of Cooke County, Texas, gave plaintiff temporary custody of the child until April 22, 1959, or until the defendant remarried. The divorce decree from Cooke County, Texas, was made a part of the motion by reference and was completely discussed in the companion Case No. 38,524, and is not necessary to discuss it in this case. Plaintiff further alleged that it was not contemplated defendant would secure a divorce within such a short time and return to work leaving the child with baby sitters.

Kennedy & Kennedy, John H. Kennedy, Oklahoma City, for plaintiff in error.

Cargill, Cargill & Chiaf, by Al Hoch, Oklahoma City, for defendant in error.

IRWIN, Justice.

On May 8, 1958, an order was entered in the District Court of Oklahoma County,

She also alleged the defendant is not a fit and proper person to have the care and custody of the child; that it would be to the best interest and general welfare of said minor child that plaintiff be granted custody.

In support of her motion the plaintiff introduced the divorce decree dissolving the bonds of matrimony between Jerry King and the defendant. It was agreed that all evidence introduced in the prior hearing as to the facilities the plaintiff had to take care of the child, could be considered by the Court. The plaintiff in her own behalf testified she had room for the child; that school facilities were close by; that she would see that he went to church and Sunday school and would accept full responsibility for the child.

The trial court sustained the defendant's motion to render judgment in her favor.

We have held a modification of a decree awarding custody of children will not be made unless it be shown that the circumstances of the parties have changed, or unless material facts are disclosed which, at the time the decree was rendered, were unknown, and could not have been ascertained with reasonable diligence. Wood v. Wood, 92 Okl. 297, 216 P. 936; Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561.

The testimony does not touch upon the question of the unfitness of the defendant and there is no evidence that she is incapable for any reason, to properly care for, rear, educate and maintain the child, and the fact that defendant and her husband had been divorced, standing alone as it does, is insufficient to show a change of condition which would justify or warrant the modification of the order awarding custody of the minor child to its natural mother. There are no material facts disclosed in the present proceeding which were not known or disclosed in the proceeding in which the order of May 8, 1958, was entered. Therefore, the order denying modification of the order of May 8, 1958, is affirmed.