Charles M. DAVIS, Plaintiff in Error,

v.

Geneva DAVIS, Defendant in Error.

No. 38716.

Supreme Court of Oklahoma.

Sept. 21, 1960.

Sam J. Goodwin, Pauls Valley, Jack H. Coleman, Oklahoma City, for plaintiff in error.

Wilson Wallace, Ardmore, for defendant in error.

IRWIN, Justice.

On June 13, 1952, defendant in error, Geneva Davis, was granted a decree of divorce from plaintiff in error, Charles M. Davis. The decree further provided that the care, custody and control of their minor child, Susan Adele Davis, be vested in the mother with rights of reasonable visitation by the father who was ordered to pay $50 per month child support.

On November 15, 1958, the father filed a motion to modify that portion of the decree relating to the custody of the child and prayed that he be awarded exclusive custody. The mother filed a demurrer to the motion to modify.

On hearing, the trial court overruled the motion to modify but did enter judgment against the father for $1,350 for unpaid child support. The father appeals from the order overruling the motion to modify and the judgment for the unpaid child support.

The father alleged the mother, Geneva Davis, had remarried and has a child by that marriage who is nine months old; that Susan Adele is eleven years of age and her mother has threatened to desert and abandon her on many occasions and informs her constantly that she has no other relative, and no other person or persons who would be interested in her welfare, which has caused the said Susan Adele to become extremely nervous and a child who feels she has no security and is not wanted; that Susan Adele's health will be further impaired and the child mistreated unless the custody is changed; that the child is afraid of her mother who has threatened to beat her to death on many occasions; that the mother and her present husband now reside in Ardmore but are planning on being transferred either in Oklahoma or to South America, and in either event it would mean taking the child out of school and further impairing her health and welfare; that the child is extremely fond of her natural father and if she were removed out of the United States it would prevent him from visiting her; that the child has been practically reared by its paternal grandmother; that the mother is extremely jealous and the child is being neglected by reason of the new baby born to the mother and her present husband.

The evidence discloses that the natural mother and father have at all times since the divorce been on friendly terms and after the divorce the mother and child lived with the child's paternal grandparents part of the time. That the child and her mother and stepfather lived in Brazil for eight months and are now living in a three bedroom home in Ardmore; that the child has stayed with her grandmother a great deal of the time.

The father has remarried and is living in Pauls Valley, Oklahoma, with his present wife, their 3½ year old child and the 8

year old son of his present wife. Susan Adele has visited in his home on numerous occasions but the father paid no child support for the years 1957 and 1958, although his parents and sisters had supplied her with clothing and necessities.

Susan Adele is a straight "A" student in school and the trial judge remarked that "she is one of the brightest children I have ever seen". She had written her father a letter, which was introduced as evidence, stating she wanted her father to get full custody of her; that her mother threatened her; that her stepfather kicked her; that she would be happy if she could live with her father. In her testimony she stated her mother and stepfather mistreated her and her stepfather did not want her and that she wanted to live with her father and not her mother although she loved her mother and her mother loved her.

The father contends the trial court erred in overruling his motion to modify inasmuch as the judgment is not supported by the evidence and as a matter of law he is entitled to custody of the child. In this connection he relies on Strachan v. Strachan, Okl., 331 P.2d 372, wherein this Court considered Title 30 O.S.1951 § 11, which provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

In the Strachan case the father appealed from an order granting custody of two minor children, ages ten and fifteen years of age, to the mother. The only evidence adduced as to the parents' unfitness to have care and custody of the children was that of the father relative to the unfitness of the mother, which was not denied nor defended by her and was admitted by her demurrer to the evidence. There was no evidence that it was for the best interest of the children that the mother should have the care and custody of the children to the exclusion of the father. This court held the order was not supported by the evidence and vacated the order and remanded the cause with directions for evidence to be offered on the question of whether it was for the best interest of the children that they be left in the mother's custody or whether they are sufficient age to form an intelligent preference, and that the record be made to reflect such best interest and preference.

In the instant case, there is nothing to indicate that the father or the mother are not fit and proper persons to have the care and custody of the child or that either of them could not provide a suitable home for her care and education; but to the contrary, the record indicates the father and mother are both fine, respectable, industrious and Christian people who are interested in the welfare of their child. The trial court found that the child would be better off with its mother and stated that "these cases should always be decided for the best interest of the child, and I feel she has a better home right here, * * *". Both parents expressed and have shown a great deal of love and affection for the child and have had in mind the best interest of the child since the divorce. They have catered to her whims and wants, although the mother has exercised a greater degree of discipline. The child is bright and inquisitive and no doubt recognized that she might have more latitude with her father than

with her mother which appears to be the basis for her wanting her father to have custody of her.

■■ However, the whims, wants and desires of a minor child are not the criteria for determining which parent should be granted custody of a minor child, although the court or judge may consider the preference of a child who is of sufficient age to form an intelligent preference. In determining the custody of a minor child in a divorce case, this Court has consistently held the best interest of the child should be the paramount consideration, and where it does not appear that the trial court has abused its discretion, this Court will not reverse the order of the trial court. Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415; Lewis v. Sisney, 205 Okl. 599, 239 P. 2d 787; Gilcrease v. Gilcrease, 176 Okl. 237, 54 P.2d 1056; Bush v. Bush, 185 Okl. 443, 92 P.2d 363; Eby v. Eby, Okl., 347 P. 2d 1036; Wills v. Wills, Okl., 349 P.2d 1; Duffy v. King, Okl., 350 P.2d 277. Although the Strachan opinion did not rely upon the above cases or similar cases, it is consistent with the above-stated rule of law.

We have carefully reviewed the entire record and are very much impressed with the remarks of the trial court and its grasp of the situation and it does not appear the trial court abused its discretion in refusing to modify that portion of the divorce decree relating to the custody of the child. We therefore affirm that portion of the judgment.

■ The father next contends the trial court erred in rendering judgment against him for the delinquent child support payments. On cross-examination the father admitted that he had not made all the required child support payments. However, it is apparent such testimony was adduced for the purpose of showing the father had not complied with the terms and conditions of the divorce decree and the same was to be considered by the trial court in its determination as to who should have custody of the child. It was not introduced for the purpose of determining the amount of the delinquent child support payments or whether or not a judgment should be rendered for such delinquencies.

This is further substantiated by reason of there being no formal pleadings, either in writing or orally submitted, requesting a determination be made as to the amount of delinquent child support payments or a judgment be entered thereon. The only pleadings filed by the mother was a demurrer to the evidence. There was no indication whatsoever during the course of the trial that the question as to the amount of delinquent child support payments due, if any, would be considered or inquired into. The amount of the judgment for the delinquent child support payments was not determined from the evidence, but was calculated by the court clerk solely from the court clerk's records, after all the evidence was submitted.

Since there was no indication whatsoever that the question as to the amount of delinquent child support payments would be considered, inquired into, or a judgment rendered thereon, and the issue of delinquent child support payments was not before the Court, the Court did not have the right or authority to render judgment thereon.

That portion of the order rendering judgment for the mother against the father for the delinquent child support payments is reversed and remanded with instructions to the trial court to vacate that portion of the judgment or order.

Affirmed in part, and reversed in part.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.