**Jimmie Kelley DUNCAN, Plaintiff in Error,**

**v.**

**Norma Jean DUNCAN, Defendant in Error.**

**No. 41796.**

Supreme Court of Oklahoma.

Jan. 14, 1969.

Fred A. Tillman, Bill Heskett, Jack Heskett, Bartlesville, for plaintiff in error.

Selby, Neptune & Connor by James W. Connor, Bartlesville, for defendant in error.

DAVISON, Justice.

This is an appeal by Jimmie Kelley Duncan (plaintiff below) from that part of a divorce decree awarding custody of the parties' minor child to the defendant, Norma Jean Duncan, fixing the amount of child support payments, and the division of property.

The evidence reflects that the parties were married in February 1949, and that one child, a son, was born of the marriage, whose age was twelve years at the time of the trial. Plaintiff was a steam fitter and he estimated his earnings as about $1000 per month or at least an average of $10,000 per year. The parties bought a home in or near Bartlesville, Oklahoma, about 1950, at a cost of $6000, and they lived there until their separation in 1965. The home was mortgaged for about $400 at the time of trial. In addition to the home property, the parties had acquired household furniture and equipment; a 1956 Chevrolet; a 1965 Mustang automobile, which was mortgaged for about $2000; and six vacant lots in Bartlesville. Plaintiff's work as a steam fitter took him from place to place and from state to state, so that he would be absent from home for several weeks or months at a time.

Plaintiff charged defendant with being unfaithful, excess drinking, and failure to care for the child. Defendant made the same accusations against plaintiff and testified the plaintiff beat and abused her. Each either testified or produced some testimony to sustain to some extent the accusations made against the other. The record reflects that the marriage was not harmonious. The twelve year old boy stated he would like to live with his father.

The trial court found the parties incompatible and rendered a decree of divorce to each. The court further decreed that the defendant mother have custody of the child with visitation rights to plaintiff, and that defendant have the home, subject to the mortgage thereon, and have the furniture and equipment therein, and the 1956 Chevrolet automobile. The court directed that plaintiff pay $100 per month for support of the child, and awarded to plaintiff the 1965 Mustang (subject to mortgage thereon) and the six vacant lots. At the time of rendition of this divorce decree, the trial judge stated the deportments of both parties left considerable to be desired, but that "all things considered" his judgment was as above set out.

Plaintiff contends the court erred in granting custody of the child to the defendant.

Plaintiff's contention is based on the apparent assumption that his derogatory evi-

dence concerning defendant should be treated as proof of defendant's misconduct and neglect of the child. This testimony was challenged and denied by defendant. Defendant did admit that on several occasions the child was left over night when she visited her mother and grown daughter, but stated the boy preferred to remain at home, that she left food and money, and neighbors knew of her absence and were "looking in" on the boy. All of the testimony concerning the boy was complimentary, that he was accepted by other parents as a play-mate for their children and that he made good grades in school. The lower court must have considered the nature of plaintiff's work and that plaintiff found work in widely separated places, and concluded it was better for the boy to be with his mother with a fixed home. Plaintiff also stresses the boy's testimony that he would like to live with his father.

■ We have repeatedly held that in the determination of the custody of a minor child in a divorce action, the best interests of the child should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court. Wills v. Wills, Okl., 349 P.2d 1.

■ This court has also stated that the whims, wants and desires of a minor child are not the criteria for determining which parent should be granted custody of a minor child, although the court or judge may consider the preference of a child who is of sufficient age to form an intelligent preference. Davis v. Davis, Okl., 355 P.2d 572.

■ We have examined the record and considered the remarks of the trial judge and we are impressed that he fully understood the situation and awarded custody of the child to the defendant, as being in the best interests of the child. It does not appear that the trial court abused its discretion in awarding custody to the defendant. We therefore affirm that portion of the decree.

■ Plaintiff contends the trial court erred in awarding $100 per month child support.

Plaintiff argues that he had been operated on for an ulcer condition and his present earning condition was limited, and that, although he had earned about $1000 per month in the past, there was no showing this would continue.

The record does not sustain this argument. It appears from the record that plaintiff was probably operated on in January or February and filed his divorce action in February, and that the trial was held the following August. It further appears plaintiff took custody of the boy when he filed the action and that beginning in June, before the trial, plaintiff worked in Kalamazoo, Michigan, and Kansas City, and took the boy with him. Plaintiff testified that for the past seven years he had averaged $10,000 or more a year and that he could secure the same type of employment he had done in the past, and was "still capable of doing this."

■ In Wendel v. Wendel, Okl., 331 P.2d 370, we held that the allowance of child support is a matter within the discretion of the trial court, governed by considerations of justice and equity, and unless the judgment is clearly against the weight of the evidence, or error is committed causing an injustice, reflecting an abuse of discretion, it will not be disturbed on appeal.

It is our conclusion that under plaintiff's testimony the allowance for child support was not clearly against the weight of the evidence and was not an abuse of discretion, and this portion of the decree is affirmed.

■ Plaintiff further contends that the trial court made an unfair division of the property in granting the home, household furniture and equipment to defendant.

In support of this proposition, the plaintiff argues the lower court failed to consider plaintiff's testimony that he sent all of his earnings to defendant, with the exception of what he needed for necessities,

and she squandered the money. This testimony does not stand unchallenged. There was testimony by and for defendant that there were times when the whereabouts of plaintiff were unknown to defendant and when plaintiff failed to supply the material needs of defendant and the boy.

Plaintiff states the property was not equally divided. There was little, if any, evidence as to the value of the properties. The value of the six vacant lots and the automobiles and furniture and equipment was not shown. The only showing as to value of the home was that it cost $6000 in about 1950. Under these circumstances, we cannot say that the property division was not equitable.

In Hurt v. Hurt, Okl., 315 P.2d 957, we stated that in a divorce action, the trial court balances the scales of equity in the distribution of the property, the only restriction being that sound judicial discretion be used, and where there is no abuse of such discretion, the judgment will not be disturbed.

Plaintiff has not sustained his contention that the division of property was unfair.

The judgment of the lower court is affirmed.

All the Justices concur.